# PD-0825-15

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**ANTHONY CARL CRAVER**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 1272901D from
Criminal District Court No. Two of Tarrant County, Texas,
and Cause No. 02-14-00076-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

RECEIVED IN
COURT OF CRIMINAL APPEALS

July 2, 2015

ABEL ACOSTA, CLERK

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Anthony Carl Craver

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Judge: | Honorable Michael Thomas, presiding judge, Criminal District Court No. Four of Tarrant County |
| Appellant: | Anthony Carl Craver |
| Appellant's Trial Counsel: | Kimberley Campbell<br>TBN: 03712020<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117<br>Phone: (817) 222-3333 |

AND

A. Clay Graham
TBN: 24064140
400 E. Weatherford
Fort Worth, TX 76102

| | |
|---|---|
| Appellant's Counsel on Appeal: | Abe Factor<br>TBN: 06768500<br>Daniel Collins<br>TBN: 24071079<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Brock Groom |

ii

TBN: 03712020
Mark Thielman
TBN: 19837210
Assistant District Attorney
401 W. Belknap
Fort Worth, Texas 76196

Appellee's Counsel      Debra Windsor
on Appeal:      TBN: 00788692
Stephen Conder
TBN: 04656510
Assistant District Attorney
401 W. Belknap
Fort Worth, Texas 76196

**TABLE OF CONTENTS**

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vi

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . .2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

     *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    The Court of Appeals erred when it held that the trial
court did not abuse its discretion when it denied
Petitioner's motion for mistrial. . . . . . . . . . . . . . . . . . . . . . .6

    *Opinion Below* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    *Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.   The court of appeals erred when it held the
evidence was sufficient to support Petitioner's conviction. . . 11

    *Opinion Below* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

       *Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

III.    The trial court erred when it denied Petitioner's requested jury charge for the lesser included offense of theft. . . . . . . . . 15

       A.     *Opinion Below.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

       B.     *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

       C.     *Controlling Law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

       D.     *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

       E.     *Harm Analysis.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

IV.    The jury charge was erroneous in that it failed to require the state to prove every element beyond a reasonable doubt. . . 22

       A.     *Opinion Below.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

       B.     *Standard of Review.* . . . . . . . . . . . . . . . . . . . . . . . . . . 22

       C.     *Discussion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

       D.     *Harm Analysis.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

# INDEX OF AUTHORITIES

*Cases*                                                                 *page*

*Almanza v. State*,
      686 S.W.2d 157 (Tex. Crim. App. 1984)
               (op. on reh'g). . . . . . . . . . . . .19, 21, 22, 24, 25, 26, 27

*Beck v. Alabama*,
      447 U.S. 625, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980). . . . . 21

*Bell v. State*,
      693 S.W.2d 434 (Tex. Crim. App. 1985). . . . . . . . . . . . . . . . . . .17

*Bignall v. State*,
      899 S.W.2d 282 (Tex. App.–
           Houston [14th Dist.] 1995, no pet.). . . . . . . . . . . . . . . . . .20

*Bignall v. State*,
      887 S.W.2d 21 (Tex. Crim. App. 1994). . . . . . . . . . . . . . . . . . . .17

*Blackman v. State*,
      350 S.W.3d 588 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . .12

*Bowen v. State*,
      374 S.W.3d 427 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . . . .15

*Craver v. State*,
      02-14-00076-CR, 2015 WL 3918057 (Tex. App.–
           Fort Worth, June 25, 2015, no. pet. h.)
           (mem. op., not designated for publication).2, 6, 11, 15, 22

*Daniels v. State*,
      2-06-258-CR, 2007 WL 2460263 (Tex. App.–
           Fort Worth, Aug. 31, 2007, no pet.)
               (mem. op., not designated for publication). . . . . 18

*Delgado v. State*,
      235 S.W.3d 244 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . .22

*Fisher v. State,*
887 S.W.2d 49 (Tex. Crim. App. 1994). . . . . . . . . . . . . . . . .24, 27

*Goad v. State,*
354 S.W.3d 443, 446 (Tex. Crim. App. 2011). . . . . . . . . . . . . 16-17

*Hall v. State,*
225 S.W.3d 524 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . .16

*Isassi v. State,*
330 S.W.3d 633 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . .12

*Jackson v. Virginia,*
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . 12, 13, 23, 24

*Jackson v. State,*
160 S.W.3d 568 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . .16

*State v. Kurtz,*
152 S.W.3d 72 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . .16

*Jeffery v. State,*
169 S.W.3d 439 (Tex. App.-Texarkana 2005, pet. ref'd). . . . . . .18

*Lawrence v. State,*
240 S.W.3d 912 (Tex. Crim. App. 2007), cert. denied,
553 U.S. 1007, 128 S.Ct. 2056, 170 L.Ed.2d 798 (2008). . . .6

*Lugo–Lugo v. State,*
650 S.W.2d 72 (Tex. Crim. App. 1983). . . . . . . . . . . . . . . . . .9

*Makeig v. State,*
802 S.W.2d 59 (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . .16

*Masterson v. State,*
155 S.W.3d 167 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . .21

*McQueen v. State,*
781 S.W.2d 600 (Tex. Crim. App. 1989). . . . . . . . . . . . . . . .9, 10

*State v. Moff*,
    154 S.W.3d 599 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . . . . .6

*Morissette v. United States*,
    342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). . . . . . . . . . . . 8, 25

*Mungin v. State*,
    192 S.W.3d 793 (Tex. App.–Houston [1st Dist.] 2006, no pet.). .6

*Ovalle v. State*,
    13 S.W.3d 774 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . .20

*Posey v. State*,
    966 S.W.2d 57 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . . .19

*Ramirez v. State*,
    422 S.W.3d  898 (Tex. App.–
        Houston [1st Dist.] 2014, pet. ref'd). . . . . . . . . . . . . . .17-18

*Rochelle v. State*,
    737 S.W.2d 843 (Tex. App. 1987)
        *aff'd*, 791 S.W.2d 121 (Tex. Crim. App. 1990). . . . . . . . . .10

*Saunders v. State*,
    913 S.W.2d 564 (Tex. Crim. App. 1995). . . . . . . . . . . . . . . . . . .20

*Sorrells v. State*,
    343 S.W.3d 152 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . .13

*Stobaugh v. State*,
    421 S.W.3d 787 (Tex. App.–
        Fort Worth 2014, pet. ref'd). . . . . . . . . . . . . . . 12, 13, 15, 24

*Stuhler v. State*,
    218 S.W.3d 706 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . .24, 26

*Trevino v. State*,
    100 S.W.3d 232 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . .19, 21

*Vega v. State*,
    394 S.W.3d 514 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . .22, 23

*Ex parte Watson*,
    306 S.W.3d 259 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . .16

*Williams v. State*,
    235 S.W.3d 742 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . .13, 14

*Williams v. State*,
    314 S.W.3d 45 (Tex. App.–Tyler 2010, pet. ref'd). . . . . .19, 20, 21

*In re Winship*,
    397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). . . . . . . . 24, 27

*Wise v. State,*
    364 S.W.3d 900 (Tex. Crim. App. 2012). . . . . . . . 12, 13, 15, 23-24

***Statutes***

TEX. CRIM. PROC. CODE ANN. § 36.14 (West 2006). . . . . . . . . . . . . .23, 24

TEX. CRIM. PROC. CODE ANN. § 36.19 (West 2006). . . . . . . . . . . . . .19, 21

TEX. CRIM. PROC. CODE ANN. § 37.09 (West 2006). . . . . . . . . . . . . . . .16

TEX. CRIM. PROC. CODE ANN. § 38.04 (West Supp. 2014). . . . . . . . . . . 12

TEX. PENAL CODE ANN. § 6.03. (West 2011). . . . . . . . . . . . . . . . .8, 10, 13

TEX. PENAL CODE ANN. § 29.03(a)(1) (West 2011). . . . . . . . . . . . . . . . .1

TEX. PENAL CODE ANN. §§ 29.03(b)(West 2011). . . . . . . . . . . . . . . . . 21

TEX. PENAL CODE ANN. § 31.03(e)(4)(D)(West Supp. 2014). . . . . . . . . 18

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On April 23, 2012, Anthony Carl Craver ("Mr. Craver" or "Petitioner") was indicted for the first degree felony offense of aggravated robbery, alleged to have occurred on February 8, 2012. (C.R. 7); *see* TEX. PENAL CODE ANN. § 29.03(a)(1) (West 2011). A jury trial was held in Criminal District Court Number Four of Tarrant County, the Honorable Michael Thomas, presiding, on February 24, 25 & 26, 2012. (I-VI R.R. *passim*). The jury found Mr. Craver guilty of the lesser-included offense of robbery. (IV R.R. 56). Punishment was to the court, which found the habitual offender enhancements true, (V R.R. 39), and sentenced Mr. Craver to a term of thirty-eight (38) years incarceration in the Institutional Division of the Texas Department of Criminal Justice. (V R.R. 39). A timely Notice of Appeal was filed on February 26, 2012. (C.R. 169).

1

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Second Court of Appeals Affirming Mr. Craver's conviction was handed down on June 4, 2015. *See Craver v. State*, 02-14-00076-CR, 2015 WL 3918057 (Tex. App.–Fort Worth, June 25, 2015, no. pet. h.) (mem. op., not designated for publication).

## GROUND FOR REVIEW ONE

I.      **The Court of Appeals erred when it held that the trial court did not abuse its discretion when it denied Petitioner's motion for mistrial.**

## GROUND FOR REVIEW TWO

II.     **The court of appeals erred when it held the evidence was sufficient to support Petitioner's conviction.**

## GROUND FOR REVIEW THREE

III.    **The trial court erred when it denied Petitioner's requested jury charge for the lesser included offense of theft.**

## GROUND FOR REVIEW FOUR

IV.     **The jury charge was erroneous in that it failed to require the state to prove every element beyond a reasonable doubt.**

## REASONS FOR REVIEW

1.      The decision by the Second Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals.

2.      The Second Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

2

# ARGUMENT

Because this petition is predicated upon error by the Second Court of Appeals in its review of Mr. Craver's complaints on appeal, a review of the pertinent evidence presented and events which transpired below is in order.

*Facts*

On the evening of February 8, 2012, Mike Vasquez ("Vasquez") was monitoring the security cameras at his job as a loss-prevention detective at a Sears store located in Hulen Shopping Mall in Fort Worth, Texas. (III R.R. 22). In the course of his job duties, he noticed a man (later identified as Mr. Craver) acting suspiciously in the electronics section of the store. (III R.R. 24, 71). Shortly thereafter, Vasquez observed Mr. Craver on camera begin to place electronics items into a shopping bag that he was holding. (III R.R. 25, 26). When Mr. Craver began to approach the second-floor exit of the store without paying for the items, Vasquez notified his associate, Kevan Holmes ("Holmes") to approach Mr. Craver and request that he return to the store. (III R.R. 30). During this discussion, Mr. Craver was pacing back and forth in the mall right near the railing right outside the Sears store exit. (III R.R. 30-31). Vasquez then left the camera room and joined

3

Holmes in attempting to convince Mr. Craver to return to the store. (III R.R. 31). Not long after Vasquez joined Holmes outside the Sears exit, Mr. Craver reached into his shopping bag, extracted an Xbox controller and handed it to Holmes. (III R.R. 31).[1] Very soon thereafter, Mr. Craver jumped over the second-floor rail to the ground level approximately 20 feet below. (III R.R. 31-32, 42).[2] He landed on Kathleen Culp ("Culp"), who suffered various injuries and was ultimately taken to the hospital for medical treatment. (III R.R. 32, 60, 92).[3] Mr. Craver, who was not injured in the fall, jumped up, ran out a nearby exit and made his escape. (III R.R. 33, 60). In fleeing the scene, Mr. Craver discarded some outer garments, bags and a backpack that contained various personal items which the police used to identify and eventually locate him. (III R.R. 34, 90).[4]

---

[1] A photograph of the Xbox controller was entered as State's Exhibit 7. (III R.R. 39; VI R.R. St. Ex. 7).

[2] Vasquez testified that Craver never looked over the rail prior to jumping over it. (III R.R. 50).

[3] Photographs of the Sears exit, upper level balcony and walkway, as well as the area where Craver landed on the lower level were admitted as State's Exhibits 1 through 6). (III R.R. 39; VI R.R. St. Exs. 1-6).

[4] These items are depicted in photographs entered into evidence as State's Exhibits 9 through 17. (III R.R. 92-93; VI R.R. St. Exs. 9-17). The items themselves were entered into evidence as State's Exhibits 23A, 23B, 24A, 24B,

4

Prior to trial, Mr. Craver moved to quash the indictment, on the grounds that it failed to require the state to prove any *mens rea* regarding the allegation that "there were persons in the area of landing."[5] (C.R. 7; II R.R. 10-12). The trial court overruled Mr. Craver's motion. (II R.R. 12). At trial, Mr. Craver requested that the charge to the jury on guilt/innocence give the jury the option to convict Mr. Craver on the lesser-included offense of theft, which the trial court denied. (IV R.R. 35). The jury found Mr. Craver guilty of the lesser-included offense of robbery. (IV R.R. 56).

At punishment, the State was allowed to admit judgments purporting to represent felony convictions of Mr. Craver in cause numbers F-9169057-TU, signed on 11/27/1991, and cause number F89-68574-LU, signed on October 20, 1989. (V R.R. 36; VI R.R. St. Exs. 43, 44). Mr. Craver objected to the purported judgments on the grounds that they were not sufficiently connected to him. (V R.R. 29, 30).

Punishment was to the court, which found the habitual offender enhancements true, (V R.R. 39), and sentenced Mr. Craver to a term of

---

24C, 24D, 24E and 25A. (III R.R. 100, 103, 112; VI R.R. St. Exs. 23A, 23B, 24A, 24B, 24C, 24D, 24E and 25A).

[5] Mr. Craver filed his Motion to Quash on September 5, 2013. (C.R. 115).

thirty-eight (38) years incarceration in the Institutional Division of the Texas Department of Criminal Justice. (V R.R. 39).

**GROUND FOR REVIEW ONE (Restated)**

I. **The Court of Appeals erred when it affirmed the trial court's denial of Petitioner's motion to quash indictment.**

A. *Opinion Below*

The Second Court of Appeals correctly identified the de novo standard of review applicable to the trial court's denial of a motion to quash. *See Craver*, 2015 WL 3918057 at *3. However, the court then erroneously applied that test.

B. *Standard of Review*

An appellate court must review a trial court's denial of a motion to quash an indictment *de novo* because the sufficiency of an indictment is a question of law. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007), cert. denied, 553 U.S. 1007, 128 S.Ct. 2056, 170 L.Ed.2d 798 (2008); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). *De novo* review is appropriate because this question of law does not turn on the credibility and demeanor of a witness, and thus, the trial court was in no better position to deny the motion. *See Moff*, 154 S.W.3d at 601; *Mungin v. State*, 192 S.W.3d 793, 794 (Tex. App.–Houston [1st Dist.]

2006, no pet.).

**B.** *Discussion*

Mr. Craver's moved to quash the indictment, arguing to the court that

> [t]he indictment allegations are that Mr. Craver caused serious bodily injury through reckless conduct. If these facts are proven, they won't show that Mr. Craver was aware that persons were in the area of this landing. If the State fails to show or even allege Mr. Craver's awareness adequately, it cannot prove a reckless mental state. The allegations in the indictment diminish the State's burden of proof in establishing the requisite mental state that is alleged in the indictment. Because this could impermissibly allow the jury to convict Mr. Craver of an offense without requiring the State to sufficiently prove recklessness, the Court should quash the allegations contained in Count One of the indictment.

(II R.R. 10). The trial court overruled Mr. Craver's motion. (II R.R. 12).

The indictment in this cause in pertinent part accused Craver of. . ."*recklessly* causing serious bodily injury to [the complainant] by jumping over the second floor railing to the ground floor of a mall during business hours and landing on [complainant] with his body when there were persons in the area of his landing. . . ." (C.R. 7)(emphasis added). As Mr. Craver argued at trial, the indictment completely fails to allege any mental state for the "when there were

7

persons in the area of his landing" element of the offense.

This case involves the most basic and fundamental concept of criminal law, that in order to constitute a crime, the act or *actus reus* must be accompanied by a criminal mind or *mens rea*. Perhaps this concept was best explained by the United States Supreme Court many years ago in *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

> The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil. . . Unqualified acceptance of this doctrine by English common law in the Eighteenth Century was indicated by Blackstone's sweeping statement that to constitute any crime there must first be a "vicious will.". . .
> Crime, as a compound concept, generally constituted only from concurrence of an evil-meaning mind with an evil-doing hand, was congenial to an intense individualism and took deep and early root in American soil. As the states codified the common law crimes, even if their enactments were silent on the subject, their courts assumed that the omission did not signify disapproval of the principle but merely recognized that intent was so inherent in the idea of the offense that it required no statutory affirmation. . . .

*Id.*, 342 U.S. at 250–252, 72 S.Ct. at 243–244.

Our Legislature recognized this fundamental concept by enacting four separate culpable mental states. TEX. PENAL CODE ANN.

8

§ 6.03 (West 2011). The Court of Criminal Appeals has further recognized that the scope of those culpable mental states is limited by the type of offense. In *McQueen v. State*, 781 S.W.2d 600 (Tex. Crim. App. 1989), this Court stated that the analysis of criminal conduct varies according to the "conduct elements" of the offense. The *McQueen* court stated:

> . . .V.T.C.A., Penal Code, Sec. 6.03 delineates three "conduct elements" which may be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct. . .Any offense may contain any one or more of these "conduct elements" which alone or in combination form the overall behavior which the Legislature has intended to criminalize, and it is those essential "conduct elements" to which a culpable mental state must apply. For example, where specific acts are criminalized because of their very nature, a culpable mental state must apply to committing the act itself. . .On the other hand, unspecified conduct that is criminalist because of its result requires culpability as to that result. . . Likewise, where otherwise innocent behavior becomes criminal because of the circumstances under which it is done, a culpable mental state is required as to those surrounding circumstances. . . .

*McQueen*, 781 S.W.2d at 603 (citations omitted); s*ee also Lugo–Lugo v. State*, 650 S.W.2d 72, 86–87 (Tex. Crim. App. 1983) (Clinton, J., concurring).

In effect, for purposes of this argument, the indictment here alleged two separate factual occurrences–or conduct elements–that

9

combine to form the overall criminal behavior: the "jumping over the rail" element and the "persons in the landing area" element. *See McQueen*, 781 S.W.2d at 603 (citing TEX. PENAL CODE ANN. § 6.03). The very wording of the indictment reduced the state's burden in that it only required the state to show that Mr. Craver was reckless in jumping over the rail, without any showing of *mens rea* whatsoever pertaining to whether persons were in his landing area. The Texas Penal Code definition of recklessness itself requires that Mr. Craver be "aware" of a "substantial risk" and disregard it. *See* TEX. PENAL CODE ANN. § 6.03( c). The indictment absolved the state from any showing of Mr. Craver's knowledge or awareness regarding the risk of "persons in his landing area" conduct. Because the indictment failed to require the state to prove each element of criminalized behavior beyond a reasonable doubt, the trial court should have granted Mr. Craver's motion to quash. *See McQueen*, 781 S.W.2d at 603; *see also* TEX. PENAL CODE ANN. § 6.03( c). In failing to do so, the trial court erred, and the court of appeals compounded that error by affirming it. This Court should reverse the opinion of the court of appeals and the conviction below and dismiss the indictment. *Rochelle v. State*, 737 S.W.2d 843, 845 (Tex. App. 1987) *aff'd*, 791 S.W.2d 121 (Tex. Crim. App. 1990).

10

II.     **The court of appeals erred when it held the evidence was sufficient to support Petitioner's conviction.**

   A.     *Opinion Below*

   The court of appeals correctly identified the standard of review, and the elements of the offense which the state was required to prove beyond a reasonable doubt. *See Craver*, 2015 WL 3918057 at *4-*5. However, the court then erroneously found that the evidence was sufficient. *Id*. at *5. Specifically, the court of appeals held that since the evidence showed that the incident "occurred on a Wednesday night when it was known that customers were shopping and employees were working at the mall" and that persons were "visible" on the lower level, Petitioner was reckless when he jumped from the upper level. *Id*. Apparently, under the announced rule of the court of appeals, any person who jumped from the upper level of the mall would automatically be considered "reckless" under the law merely because the mall was open for commerce.

   B.     *Standard of Review*

   In a due-process review of the sufficiency of the evidence to

11

support a conviction, this Court must view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Stobaugh v. State*, 421 S.W.3d 787, 842 (Tex. App.–Fort Worth 2014, pet. ref'd). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789; *Blackman v. State,* 350 S.W.3d 588, 595 (Tex. Crim. App. 2011); *Stobaugh*, 421 S.W.3d 842.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX. CRIM. PROC. CODE ANN. § 38.04 (West Supp. 2014); *Wise,* 364 S.W.3d at 903; *Stobaugh*, 421 S.W.3d 842. Thus, when performing an evidentiary sufficiency review, this Court may not re-evaluate the weight and credibility of the evidence and substitute its judgment for that of the factfinder. *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Stobaugh*, 421 S.W.3d 842. Instead, the Court must determine whether the necessary inferences are reasonable based

upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State,* 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *Stobaugh*, 421 S.W.3d 842. A reviewing court must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson,* 443 U.S. at 326, 99 S.Ct. at 2793; *Wise,* 364 S.W.3d at 903; *Stobaugh*, 421 S.W.3d 842. "A reviewing court's duty, however, does require it to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

**B.**   *Discussion*

As stated previously, the indictment in this cause in pertinent part accused Petitioner of. . ."*recklessly* causing serious bodily injury to [the complainant] by jumping over the second floor railing to the ground floor of a mall during business hours and landing on [complainant] with his body when there were persons in the area of his landing. . . ." (C.R. 7)(emphasis added). *Mens rea*, like every other element of a criminal offense, must be proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. at 318–19, 99 S.Ct. 2781. Under Texas law,

[a] person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PENAL CODE ANN. § 6.03( c); *Williams*, 235 S.W.3d at 750. Under the specific terms of the indictment, the state was required to prove beyond a reasonable doubt: 1) that Craver was aware that persons were in his landing area; and 2) that he consciously disregarded the risk that he would inflict serious bodily injury upon such a person if one was in his landing area. *See* TEX. PENAL CODE ANN. § 6.03( c). At trial, the state presented no evidence regarding Petitioner's awareness or knowledge of persons in his landing area.[6] Without presenting any evidence to show that Petitioner was aware that persons were in his landing area and that he consciously disregarded the risk that he might land on persons whom he didn't even know were there, the State failed in its burden to prove each and every element of the alleged offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. 2781;

---

[6] This is understandable due to the fact that the defective indictment did not require the state to prove any *mens rea* on Mr. Craver's part regarding this essential element, as argued in Ground for Review Number One.

14

*Wise,* 364 S.W.3d at 903; *Stobaugh*, 421 S.W.3d 842. Because the evidence at trial was legally insufficient, this Court should reverse the conviction entered below and either render a verdict of acquittal or enter a conviction for the lesser-included offense of misdemeanor theft under *Bowen*.[7]

## GROUND FOR REVIEW THREE (Restated)

**III.     The trial court erred when it denied Petitioner's requested jury charge for the lesser included offense of theft.**

### A.     *Opinion Below*

The court of appeals affirmed the trial court's denial of the lesser-included charge of theft, claiming that Petitioner was not entitled to such instruction as there was no evidence at trial of the stolen items' value. *See Craver*, 2015 WL 3918057 at \*5.[8]

### B.     *Standard of Review*

An appellate court must review a trial court's decision on the

---

[7] *See Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012) (promulgating new rule that courts of appeal are no longer required to render a verdict of acquittal where evidence is insufficient, but may enter a conviction for a lesser-included offense even where no instruction was given on that lesser included offense at trial).

[8] Both parties and the court of appeals agreed that under the facts here, theft would be a lesser-included offense of aggravated robbery. *See Craver*, 2015 WL 3918057 at \*6.

submission of a lesser-included offense for an abuse of discretion. *See Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *See Makeig v. State*, 802 S.W.2d 59, 62 (Tex. Crim. App. 1990). Because the trial court has no discretion in determining the applicable law, the trial court also abuses its discretion when it fails to analyze the law correctly and apply it to the facts of the case. *See State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004).

### C.    *Controlling Law*

An appellate court employs a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction. *Ex parte Watson*, 306 S.W.3d 259, 262–63 (Tex. Crim. App. 2009). First, the lesser-included offense must fall within article 37.09 of the Code of Criminal Procedure. *See* TEX. CRIM. PROC. CODE ANN. § 37.09 (West 2006). Second, some evidence must exist in the record that would permit a jury rationally to find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). Anything more than a scintilla of evidence is sufficient to entitle a defendant to the lesser charge. *See Goad v. State*,

354 S.W.3d 443, 446 (Tex. Crim. App. 2011). The evidence is reviewed in the light most favorable to the requested lesser-included offense, regardless of whether the evidence was produced by the State or the defendant, or whether the evidence was strong, weak, unimpeached, or contradicted. *See Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985).

**D.** *Application*

Craver was charged with the offense of aggravated robbery in the course of committing theft. (C.R. 7). Theft is a lesser-included offense of aggravated robbery when, as in this case, the facts at trial show a completed theft. *See Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). During the conference on the jury charge, Craver requested an instruction for the lesser-included offense of theft.[9] (IV R.R. 33). The state argued that the case of "Michael Angel Ramirez" dictated that where there was no evidence of value of the item stolen in a robbery case, a lesser-included offense instruction for theft is inappropriate. (IV R.R. 33-34); *see Ramirez v. State*, 422 S.W.3d 898 (Tex.

---

[9] At that same charge conference, Craver was granted his request for a lesser-included offense instruction of robbery. (IV R.R. 33).

17

App.–Houston [1st Dist.] 2014, pet. ref'd).[10] The trial court specifically denied the requested jury instruction on theft due to the perceived lack of evidence on the value of the item Craver shoplifted, the Xbox controller. (IV R.R. 36). However, the indictment here sets forth two prior theft convictions, which would elevate the instant offense to a state jail felony as long as the value of the Xbox controller was less than $1,500. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D)(West Supp. 2014).

In *Ramirez*, the trial court stated that it was not sure as to what degree of theft the requested instruction would allege, as there was no evidence setting forth the value of the stolen item, which was a 2004 Toyota Tacoma. *Ramirez*, 422 S.W.3d 898, 901. Thus, the merely persuasive authority provided by *Ramirez* can be distinguished on its facts, as here the trial court could have reasonably charged the jury on the lesser-included state jail felony theft. TEX. PENAL CODE ANN. § 31.03(e)(4)(D); *see also Williams v. State*, 314 S.W.3d 45, 53 (Tex.

---

[10] The *Ramirez* opinion does in fact stand for this position, however, that opinion has not been followed by another other Texas courts of appeals and the holding is merely persuasive authority and not binding on the Second Court of Appeals. *Jeffery v. State,* 169 S.W.3d 439, 443 n. 1 (Tex. App.-Texarkana 2005, pet. ref'd); *Daniels v. State*, 2-06-258-CR, 2007 WL 2460263 (Tex. App.–Fort Worth, Aug. 31, 2007, no pet.)(mem. op., not designated for publication).

18

App.–Tyler 2010, pet. ref'd).

**E.**    *Harm Analysis*

Having found error in the trial court's denial of the requested instruction on the lesser included offense of theft, this Court must now determine whether that error requires reversal. *See* TEX. CRIM. PROC. CODE ANN. § 36.19 (West 2006); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Posey v. State*, 966 S.W.2d 57, 62 n. 12 (Tex. Crim. App. 1998) (holding that *Almanza* applies to an erroneous omission in the jury charge of a timely requested defensive issue raised by the evidence, as the defensive issue becomes law "applicable to the case."). If the charge contains error, and that error has been properly preserved by an objection or requested instruction, reversal is required if the error is "calculated to injure the rights of defendant," meaning there must be some harm. TEX. CRIM. PROC. CODE ANN. § 36.19; *Trevino v. State*, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003); *Almanza*, 686 S.W.2d at 171. The degree of harm must be considered in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Ovalle v. State*, 13 S.W.3d 774, 786

19

(Tex. Crim. App. 2000).

The question of whether Petitioner acted with the requisite intent to cause bodily injury to another person in the flight from his shoplifting offense was the central issue in this trial. *See Williams*, 314 S.W.3d at 53. If the jury had found that the state had failed in its burden to prove beyond a reasonable doubt that Mr. Craver's conduct was reckless, he was guilty of theft but not of aggravated robbery or robbery. *See Id.* Harm exists when the penalty imposed for the charged offense exceeds the potential penalty for the lesser included offense. *Williams*, 314 S.W.3d at 53 (citing *Bignall v. State*, 899 S.W.2d 282, 284 (Tex. App.–Houston [14th Dist.] 1995, no pet.). Harm also generally exists whenever the failure to submit a lesser included offense leaves the jury with the sole option of either convicting defendant of the greater offense or acquitting him. *Williams*, 314 S.W.3d at 53 (citing *Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995).

The value of the items in question here was not conclusively shown, but theft of property valued at less than $1,500 is a misdemeanor. *Williams*, 314 S.W.3d at 53-54. Mr. Craver would have had to steal property valued at $200,000 or more to have been eligible for punishment for a first degree felony, which is what he faced in this

case. *See* TEX. PENAL CODE ANN. §§ 29.03(b)(West 2011). Mr. Craver received a sentence of thirty-eight years, which is more than he would have received if he had been convicted of theft. *See Williams*, 314 S.W.3d at 53. And there is no intervening lesser included offense that the jury rejected which would allow a reviewing court to conclude that the jury had not been placed on the horns of the dilemma of whether to convict Mr. Craver of the only offense available to them or to set him free. *See Williams*, 314 S.W.3d at 53 (citing *Masterson v. State*, 155 S.W.3d 167, 171–72 (Tex. Crim. App. 2005)); *see also Beck v. Alabama*, 447 U.S. 625, 634, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980). Based on the foregoing, Petitioner suffered some harm from the trial court's refusal to grant the requested lesser-included offense instruction of theft. TEX. CRIM. PROC. CODE ANN. § 36.19; *Trevino*, 100 S.W.3d at 242; *Almanza*, 686 S.W.2d at 171; *Williams*, 314 S.W.3d at 53. This Court should therefore reverse the opinion of the court of appeals and the conviction entered below and remand for new trial.

IV.   **The jury charge was erroneous in that it failed to require the state to prove every element beyond a reasonable doubt.**

A.   *Opinion Below*

The court of appeals overruled Mr. Craver appellate complaint by referring to the reckless *mens rea* issue discussed in Points of Error One and Two; the court asserted that "recklessness" was appropriately pled and proven. *See Craver*, 2015 WL 3918057 at *5.

B.   *Standard of Review*

Jury charge error is reviewed under the standard set out in *Almanza*, 686 S.W.2d at 171. Under the standard, this Court must first determine whether there was charge error. *Id*. at 174. When the appellant does not object, the conviction will be reversed only if the error was "fundamental" and so "egregious" that the appellant was denied a fair and impartial trial. *Id*.

C.   *Discussion*

"The trial judge is 'ultimately responsible for the accuracy of the jury charge and accompanying instructions.'" *Vega v. State*, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013) (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). Article 36.14 states that "the judge

22

shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case." TEX. CRIM. PROC. CODE ANN. § 36.14 (West 2006). "The trial judge has the duty to instruct the jury on the law applicable to the case even if defense counsel fails to object to inclusions or exclusions in the charge." *Vega*, 394 S.W.3d at 519.

The application paragraph in the jury charge at trial held in pertinent part:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 8th day of February 2012, in Tarrant County, Texas, the defendant, ANTHONY CARL CRAVER, did then and there while in the course of committing theft of property and with intent to obtain or maintain control of said property, recklessly cause bodily injury to another, Kathleen Culp, by jumping over the second floor railing to the ground floor of a mall during business hours and landing on Kathleen Culp with his body *when there were persons in the area of his landing*, then you will find the defendant guilty of robbery.

(C.R. 154-55)(emphasis added).

As set forth in Points of Error One and Two, the "when there were persons in the area of his landing" element of the offense has no *mens rea* requirement, thereby absolving the state from proving each and every element of the charged offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. 2781; *Wise,* 364 S.W.3d at

23

903; *Stobaugh*, 421 S.W.3d 842. To hold the state to the "beyond a reasonable doubt" standard comports with due process and is manifestly the "law applicable to the case."[11] TEX. CRIM. PROC. CODE ANN. § 36.14. As the law requires that every element be proved beyond a reasonable doubt, the jury charge as submitted failed to follow the law and was thus erroneous. *See Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. 2781; *Wise,* 364 S.W.3d at 903; *Stobaugh*, 421 S.W.3d 842.

### C. *Harm Analysis*

The Court of Criminal Appeals has held that

> Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. In examining the record to determine whether jury-charge error is egregious, the reviewing court should consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole.

*Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007)(citations omitted). The first *Almanza* factor is "the entire jury charge." *Almanza*, 686 S.W.2d at 171. In this case, the charge consisted of six pages,

---

[11] The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970); *Fisher v. State*, 887 S.W.2d 49, 52–53 (Tex. Crim. App. 1994).

24

nowhere on which did it require the state to prove any *mens rea* whatsover regarding the "persons in the landing zone" conduct. (C.R. 152-56). The requirement or lack thereof of a *mens rea* goes to the very heart of the constitutional protections afforded criminal defendants. *Morrissette*, 342 U.S. at 250–252, 72 S.Ct. at 243–244. This factor weighs in favor of Mr. Craver.

The second *Almanza* factor is "the state of the evidence, including the contested issues and weight of probative evidence." *Almanza*, 686 S.W.2d at 171. Absolved of its responsibility to prove Mr. Craver's criminal intent, its not surprising that the state failed to present any evidence whatsoever regarding Mr. Craver's level of awareness regarding "persons in his landing area." This factor weighs in favor of Mr. Craver.

The third *Almanza* factor is "the argument of counsel." *Almanza*, 686 S.W.2d at 171. In its closing, the state explained the charge to the jury, stating:

> [a]s part of the definition of reckless, it tells you how you judge recklessness. You use the standard of an ordinary person standing in the position of the Defendant. We don't ask what the Defendant's perception is. We ask -- you're there in that spot, a reasonable and ordinary person, would that be reckless? If you're at the mall with someone and the person says, hey, I'm going to jump over this second floor rail, let's see what happens.

25

You would say, that's crazy. Just reckless. Ordinary reasonable person standing from that perspective.

(IV R.R. 41-42).

Defense counsel argued in response:

I submit to you that an actor in the position of the suspect, who was on the second floor landing, would not anticipate that someone would be in that sort of common area of the mall. They would think that people might be walking beneath that overhang. They would not anticipate that they would land on someone. And so I submit to you that the State has failed to meet its burden in that regard.

(IV R.R. 47-48).

The state failed to address the *mens rea* requirement to the "persons in has landing zone" conduct, while defense counsel touched directly on the missing element to the charge. This factor weighs in favor of Mr. Craver.

The fourth *Almanza* factor is "any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. There was no other relevant information presented at trial which touched on Mr. Craver's awareness or lack thereof regarding a "person in his landing zone."

In sum, the contested issue went to the very core of Mr. Craver's defense and vitally affected his main defensive theory. *See Stuhler*, 218

S.W.3d at 719. The state chose to charge Mr. Craver with the serious first-degree offense of aggravated robbery but were relieved of its constitutionally-imposed burden of proving his criminal intent beyond a reasonable doubt as to each and every element. *Winship*, 397 U.S. at 364, 90 S.Ct. at 1073; *Fisher*, 887 S.W.2d at 52–53. What occurred could arguably be considered negligent on Mr. Craver's part–but the state chose not to charge him with any type of negligence-based offense. Under the facts presented at trial and as shown above, Mr. Craver suffered egregious harm due to the defective jury charge, requiring reversal by this Court. *Almanza*, 686 S.W.2d at 171.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Second Court of Appeals and reverse the conviction entered below.

Respectfully submitted,

 /s/ Abe Factor 
Abe Factor
TBN: 06768500

27

Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Everett Jesse Sullens

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 7,248.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 2nd day of July , 2015.

/s/ Abe Factor
Abe Factor

# **APPENDIX**

1.     Opinion of the Second Court of Appeals.



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-14-00076-CR

---

ANTHONY CARL CRAVER                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1272901D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Anthony Carl Craver appeals his conviction for robbery causing bodily injury.[2] In six points, Craver argues that the trial court erred by overruling his motion to quash the State's indictment; that the evidence is insufficient to

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 29.02 (West 2011).

support his conviction; that the trial court erred by not including in the jury charge an instruction for the lesser-included offense of theft; that there was error in the jury charge; and that the trial court erred by allowing the State to admit evidence at the punishment phase that he had committed prior, sequential felonies. We will affirm.

## II. BACKGROUND

Mike Vasquez, a loss-prevention detective for Sears, was monitoring security cameras at Hulen Mall in Fort Worth on February 8, 2012, when, at approximately 6:10 p.m., he noticed Craver in the department store. Vasquez said that at this time he witnessed Craver "concealing merchandise into a bag." Vasquez notified another loss-prevention agent, Kevan Holmes, of Craver's activity. By Vasquez's account, as Craver left the store without paying for the items he had secreted in his bag, Holmes followed [him], stopped him, and tried to "convince him to come back" into the store. Vasquez testified that he too came out to meet Craver shortly after Holmes had done so.

Vasquez said that at this time, Craver handed Holmes an "Xbox controller"; "toss[ed his] bag over" the nearby railing; and then "lung[ed] over the railing." Vasquez averred that when he looked over the railing to see how Craver had "landed," he saw that Craver had "landed on a lady customer in the mall." And according to Vasquez, because of the time and day, people were at the mall walking around and shopping. Vasquez said that he and Holmes then "ran down

2

the stairs" in an attempt to apprehend Craver. Craver, however, continued running and fled from the mall by using a nearby exit.

During Vasquez's time on the stand, the State introduced photographs of the department store's entry and railing where this incident occurred. Through the aid of these photographs, Vasquez again described Craver's actions to the jury. The State also introduced, and played for the jury, a video from in-store cameras which displays Craver ducking down behind a display in the store, taking items and placing them in his bag, and then Craver leaving the store without paying for the items. Further, the video displays Holmes stopping Craver after he left the store, Craver walking back and forth in front of the store's entrance as Holmes and others seemingly attempted to corral him, and Craver jumping over the railing with his bags.

Holmes testified that he had encountered Craver shortly before Craver put the unpaid-for items in his bag. Holmes said that Craver drew his attention because he was carrying multiple bags and because Craver asked him whether he worked at the store. Holmes said he left the area and called Vasquez so that he would watch Craver from the camera control booth. By Holmes's account, Vasquez informed him that Craver had "put some things in a bag, controllers, [etcetera]." Vasquez then told Holmes that Craver had left the store. In short order, Holmes approached Craver, told him that he worked for the store, and asked Craver to return to the store with the unpaid-for items. Holmes said that Craver told him that he had not stolen anything and refused to return to the store.

3

As the two spoke, Holmes said that he could see an Xbox controller sticking out of Craver's bag. Holmes told Craver that the controller belonged to the store. At that time, other store employees, including Vasquez, joined in.

After the others arrived, Holmes testified that Craver then handed him the Xbox controller and then "he jumped over the railing." Holmes said that Craver did so because "he was trying to get away." Holmes said that as he looked down, he could see that Craver had "landed on an elderly woman" and that the woman appeared to be injured. Holmes said that the woman required medical assistance and that an ambulance was needed to transport her away from the mall. Holmes averred that after landing on the woman, Craver "took off running."

Police Cadet Mike Ford of the Fort Worth Police Department, who was working as a security supervisor for Hulen Mall on February 8, 2012, also testified. Ford said that after receiving a call for security assistance, he went toward Sears, at which point he saw Craver "on top of a female in the lower level with a bunch of [Sears's] loss prevention officers standing up on the upper level pointing down [toward Craver]." Ford testified that he later learned the female's name, Kathleen Culp. Ford said that as he looked over the railing, he saw Craver "frantically trying to get up and get away from that area." Ford said that Culp appeared to be in "extreme pain" and that she was "grabbing her lower back and asking for help." From there, according to Ford, Craver fled from the area and Ford radioed "mobile units" to search for Craver. Ford said that Craver left a bag containing some of the items he had taken from Sears. Craver also testified

that the mall was open and that customers and mall employees were in the area where Craver had landed.

Mary Feherty testified that she and Culp were walking at Hulen Mall on February 8, 2012. Feherty said that as the two walked past Sears's lower level, she felt something "falling higher above [her] down behind." As she turned to see "what it was" that had fallen, she saw Craver getting up off of Culp and Culp "crying." Feherty said that she grabbed hold of Craver and that she could see security personnel coming down the stairs toward her area. Feherty said that her attempts to hold Craver were futile and that he ran off. According to Feherty, a licensed vocational nurse, medical personnel took Culp to an ambulance after placing her on a backboard, lifting her from the ground, and strapping her to a stretcher. Medical personnel then transported Culp to a nearby hospital, where she spent several days in the intensive care unit. Feherty testified that as a result of Craver landing on her, Culp suffered a "fracture of her thoracic vertebrae."

Culp testified that on February 8, 2012, she and Feherty were walking at the mall for "physical fitness." She said that shortly after the two began walking, she "got hit from behind." Culp said that upon being struck, she was immediately in pain. Culp averred that she was "[j]ust in shock" and "didn't know what was going on" except to say that she was transported to the hospital where she learned that her "back was broken and fractured." Culp said that her injuries required her to stay in intensive care for about two days and then in a "regular

5

room" for another "three to four days." Culp said that she wore a hard back brace after leaving the hospital and that doctors ordered her to "bed rest" for nine months. Culp described her injuries as painful.

Because the State had indicted Craver for aggravated robbery, Craver requested at the charge conference that the jury charge include instructions on the lesser-included offenses of robbery, theft, and assault. The court granted Craver's request for an instruction on robbery but denied his requests for the inclusion of instructions regarding theft and assault.

A jury found Craver guilty of robbery causing bodily injury. After the trial court heard evidence at punishment, it found the State's enhancements to be true and sentenced Craver to thirty-eight years' incarceration. This appeal followed.

### III. DISCUSSION

#### A. Motion to Quash

In his first point, Craver argues that the trial court erred by overruling his motion to quash the State's indictment. Specifically, Craver argues that the indictment failed to allege that he acted recklessly in that it did not allege facts sufficient to show that he had knowledge of, or was aware of, the fact that people might have been in the area where he landed when he jumped over the railing at the mall. The State argues that the indictment adequately informed Craver of the acts upon which it was relying to prove that Craver acted recklessly. We agree with the State.

6

Here, the indictment read that Craver had:

Then and there while in the course of committing theft of property and with intent to obtain or maintain control of said property, recklessly cause serious bodily injury to another, Kathleen Culp, by jumping over the second floor railing to the ground floor of a mall during business hours and landing on Kathleen Culp with his body when there were persons in the area of his landing.

We review a trial judge's decision to deny a motion to quash an indictment de novo. *See Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010). A motion to quash should be granted only when the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant notice of the acts he allegedly committed. *Miller v. State*, 333 S.W.3d 352, 356 (Tex. App.—Fort Worth 2010, pet. ref'd) (*citing DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988)). Article 21.15 of the Texas Code of Criminal Procedure requires specific language be in the charging instrument when, as in this case, it is alleged that the accused acted recklessly. *See State v. Rodriguez*, 339 S.W.3d 680, 682 (Tex. Crim. App. 2011); *see also* Tex. Code Crim. Proc. Ann. art. 21.15 (West 2009). It is unnecessary, however, for the State to allege evidentiary facts. *Stadt v. State*, 120 S.W.3d 428, 442 (Tex. App.—Houston [14th Dist.] 2003) *aff'd*, 182 S.W.3d 360 (Tex. Crim. App. 2005) ("[I]t was only required [that an indictment] allege conduct a jury could rationally find to be reckless under the circumstances of this case.") *Id.*; *see also Juba v. State*, No. 14-12-00770-CR, 2013 WL 5423080, at *1 (Tex. Crim. App.—Houston [14th Dist.] Sept. 23, 2013, pet. ref'd) (mem. op, not designated for publication.

7

The culpable mental state of "reckless" is satisfied by evidence indicating that the defendant consciously disregarded a known, substantial, and unjustifiable risk that serious bodily injury would occur—a risk that if disregarded constitutes a gross deviation from the standard of care an ordinary person would exercise under the same circumstances. *See Davis v. State*, 955 S.W.2d 340, 348–49 (Tex. App.—Fort Worth 1997, pet. ref'd) (citing *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), *cert. denied*, 504 U.S. 974 (1992)); *see also* Tex. Penal Code § 6.03(c) (West 2011). Reckless conduct "involves conscious risk creation, that is, [that] the actor is aware of the risk surrounding his conduct or the results thereof, but consciously disregards that risk." *Davis*, 955 S.W.2d at 349 (quoting *Aliff v. State*, 627 S.W.2d 166, 171 (Tex. Crim. App. 1982)).

In *Rodriguez*, a reckless discharge of a weapon case, the court of criminal appeals gave several examples of what would be considered sufficient allegations in a charging instrument to constitute proper notice of recklessness to a defendant. 339 S.W.3d at 683–84. The Court stated:

> For example, the State might allege "by shooting into the ground *in a crowd of people*," or "by shooting a gun in the air *in a residential district*," or "by shooting at beer bottles in his backyard *in a residential district*," or "by shooting a gun on the grounds *of an elementary school*," or "by shooting at a Stop sign *in a business district*," or "by shooting into the bushes *at a city park*." These are the sorts of actions that might entail a known and unjustifiable risk of harm or injury to others, risks that the ordinary person in the defendant's shoes probably would not take.

*Id.* (footnotes omitted and emphasis added).

8

Here, the indictment alleged that Craver had jumped over a railing at the mall "during business hours" and "when there were persons in the area of his landing." These allegations are similar to the court of criminal appeals' examples of "in a crowd of people," or "in a business district." Jumping over a rail at the mall during business hours when there are people in the area where one would land entails a known and unjustifiable risk of harm or injury to others, and an ordinary person in Craver's shoes probably would not have taken the same risk. Thus, the State adequately informed Craver of the acts he allegedly committed and the circumstances that constituted recklessness. *See Miller*, 333 S.W.3d at 356; *see also Rodriguez*, 339 S.W.3d at 683–84.

Because the indictment alleged the circumstances—jumping over the second floor railing to the ground floor of a mall during business hours and landing in an area where there were people—that gave rise to the acts constituting aggravated robbery—recklessly causing serious bodily injury to another during the commission of theft—we are constrained to conclude that the State's indictment was sufficient and that the trial court did not err by overruling Craver's motion to quash the indictment. *See Stadt*, 120 S.W.3d at 441–43 (holding that the indictment adequately informed appellant of the acts the State planned to rely upon to constitute "recklessness" in a manslaughter charge when it stated that he operated his vehicle at an unreasonable speed, failed to keep a

9

proper lookout, failed to maintain a single lane of traffic, and changed lanes unsafely). We overrule Craver's first point.

### B. Sufficiency of the Evidence

In his second point, Craver argues that the evidence is insufficient to support the jury's verdict that he committed robbery. Specifically, and much like his first point, Craver argues only that there is insufficient evidence to support the jury's verdict that he acted recklessly. We disagree.

### 1. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011). The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Dobbs*, 434 S.W.3d at 170; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## 2.    Robbery and Recklessness

A person commits robbery if, in the course of committing theft, the person intentionally, knowingly, or recklessly causes bodily injury to another.  Tex. Penal Code Ann. § 29.02(a)(1) (West 2011).  An actor's culpable mental state is generally shown by circumstantial evidence.  *See Moore v. State*, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998).  Culpability may be inferred from the acts, words, and conduct of the accused.  *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995), *cert. denied*, 906 S.W.2d 481 (1996).  As discussed above, the culpable mental state of "reckless" is satisfied by evidence indicating that the defendant consciously disregarded a known, substantial, and unjustifiable risk that serious bodily injury would occur—a risk that if disregarded constitutes a gross deviation from the standard of care an ordinary person would exercise under the same circumstances.  *Davis*, 955 S.W.2d at 348–49.

Here, viewing the evidence in the light most favorable to the jury's determination that Craver acted recklessly, the evidence shows that Craver's conduct occurred on a Wednesday night when it was known that customers were shopping and employees were working at the mall.  Testimony at trial indicated that the people on the lower level were visible from where Craver leaped over the railing.  Despite the presence of these people, Craver attempted to avoid Sears's loss-prevention employees by jumping over the railing of the second floor down onto the first floor.  And even after landing on Culp, Craver fled the area despite Culp's crying in pain and Feherty's attempts to hold him there.

11

We hold that the jury could have reasonably inferred that Craver consciously disregarded a known risk that he would injure another person when he leaped over the railing to the first floor of the mall during business hours while visible customers and employees were shopping and walking around, and that he grossly deviated from the standard care an ordinary person would have exercised under the same circumstances. *See Davis*, 955 S.W.2d at 348–49. We overrule Craver's second point.

## C. Theft as a Lesser-Included Offense

In his third point, Craver argues that the trial court erred by denying his requested instruction on the lesser-included offense of theft in the jury charge. The State argues that Craver was not entitled to the lesser-included offense of theft because there was no evidence at trial of the stolen items' value. We agree with the State.

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). Second, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State,* 163 S.W.3d 734, 741 (Tex.

12

Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73. The evidence must be evaluated in the context of the entire record. *Moore*, 969 S.W.2d at 8. There must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting him of the lesser-included offense. *Id.* The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 536.

Both the State and Craver agree that in this case theft is a lesser-included offense of aggravated robbery, and we agree with both parties. *See Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (holding that because evidence from which jury could find that defendant and his accomplices had committed lesser-included offense of theft rather than aggravated robbery, defendant was entitled to instruction on theft). The only issue, then, is whether the record contains some evidence to support an instruction for theft.

A person commits a theft "if he unlawfully appropriates property with intent to deprive the owner of property." *See* Tex. Penal Code Ann. § 31.03(a) (West Supp. 2014). The Penal Code describes several grades of theft ranging from a Class C misdemeanor to a felony of the first degree. *See id.* § 31.03(e). With few exceptions not applicable here, the only element distinguishing one grade of theft from another is the value of the property taken. *See id.* Under Texas law, the value of the property taken is an essential element of the offense. *See Simmons v. State*, 109 S.W.3d 469, 478–79 (Tex. Crim. App. 2003); *Sowders v.*

13

*State*, 693 S.W.2d 448, 450 (Tex. Crim. App. 1985); *Christiansen v. State*, 575 S.W.2d 42, 44 (Tex. Crim. App. [Panel Op.] 1979); *McKnight v. State*, 387 S.W.2d 662, 663 (Tex. Crim. App. 1965).

Here, neither party introduced any evidence of the value of the items Craver took from Sears; thus, without evidence of the value of the property taken, Craver was not entitled to an instruction on theft. *See Ramirez v. State*, 422 S.W.3d 898, 903 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (holding that defendant convicted of robbery was not entitled to instruction on lesser-included offense of theft, where there was no testimony as to the value of the truck that the defendant took, as required to determine the grade of the theft).

Craver attempts to distinguish *Ramirez* from his case by arguing that *Ramirez* stands for the proposition that it was the trial court's lack of knowledge of the value of the vehicle stolen in that case that foreclosed Ramirez from being entitled to the lesser-included offense instruction, and here, Craver argues, the State's indictment states that a single Xbox controller is valued at less than $1500.[3] *Ramirez* does not stand for this proposition; rather, *Ramirez* stands for the well-established rule that the value of property taken is an essential element

---

[3]The State's indictment originally included two counts against Craver. Count one, the count the State pursued at trial, was for aggravated robbery. Count two, a count the State waived prior to trial, alleged that Craver had committed theft of "a video game controller of the value of less than $1500." Although there is no record evidence of the value of the items Craver took from Sears, there is evidence that he attempted to abscond with more than one video game controller.

14

of the offense and that without evidence at trial of the value of the property taken, a defendant is not entitled to an instruction on theft. *See id.* Because there was no evidence introduced at trial from any source revealing the value of the property Craver took, the jury could not have found an essential element of theft. *Id.* Thus, the trial court did not err by denying Craver's request for the lesser-included instruction of theft because there was no evidence whereby a rational jury could have acquitted him of the greater offense of robbery while convicting him of the lesser-included offense of theft. *Moore*, 969 S.W.2d at 8. We overrule Craver's third point.

### D. The Jury Charge

In his fourth point, Craver argues that the "jury charge was erroneous in that it failed to require the [S]tate to prove every element beyond a reasonable doubt." Craver's argument is predicated on the same notion posited in his first and second points, namely, that the State's charge did not contain a required culpable mental state.

As discussed in points one and two, the State's allegation that Craver jumped over the railing "during business hours" and "when there were persons in the area of his landing" is sufficient language to describe the culpable mental state or recklessness. *See Davis*, 955 S.W.2d at 348–49 ("The culpable mental state of 'reckless' is satisfied by evidence indicating that the defendant 'consciously disregarded a known[,] substantial[,] and unjustifiable risk that . . . serious bodily injury would occur.") (citing *Johnson v. State*, 915 S.W.2d 653,

658) (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). The trial court paraphrased this language in the jury charge. And recklessness is a statutorily defined culpable mental state. *See* Tex. Penal Code § 6.03(c). We overrule Craver's fourth point.

### E. State's Exhibits 43 and 44

In his fifth and sixth points, Craver argues that the trial court erred by allowing the State, at punishment, to introduce "two felony judgments which purported to demonstrate that Craver had two prior, sequential felony convictions." These judgments were introduced as State's Exhibits 43 and 44. Craver's argument is that the judgments should not have been admitted because they were not linked to him through fingerprints but, according to him, only through name, date of birth, and street address. But as the State points out, there is far more evidence that Craver was the person convicted in these judgments.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *See id.* at 921–22; *Banks v. State*, 158 S.W.3d 649, 651–52 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986)). While evidence of a certified copy of a final judgment and sentence may be a preferred and

16

convenient means, the State may prove both of these elements in a number of different ways, including "documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Flowers*, 220 S.W.3d at 922.

Here, State's Exhibits 43 and 44 are linked to Craver by more than just his name, date of birth, and address. State's Exhibit 38, which was admitted without objection, contains a certified copy of a final judgment and supporting documents and was verified by fingerprint. State's Exhibit 38 contains Craver's full name; his date of birth; an address associated to Craver, both in the judgment's supporting documents and verified at trial through phone records linking Craver to the address; a specific State identification number; and a specific Dallas county identification number. State's Exhibit 38 also shares the same full name, date of birth, and physical address with State's Exhibits 43 and 44.

Furthermore, State's Exhibit 42 contains the same identifying State identification number, Craver's full name, and his address as was in State's Exhibit 38. State's Exhibit 42 further contains a judicial confession detailing two convictions. The first conviction found in State's Exhibit 42 details Craver's full name, the court in which the conviction was had, a cause number, the county of the offense, and the date of conviction. These identifiers found in the first conviction of State's Exhibit 42 are the same name, court, cause number, county, and date of conviction found in State's Exhibit 43. State's Exhibit 42 and 44 also share the description of the conviction found in State's Exhibit 43. The second

17

conviction found in State's Exhibit 42 details Craver's full name, the court in which the conviction was had, a cause number, the county of the offense, and the date of conviction. These identifiers found in the second conviction of State's Exhibit 42 are the same name, court, cause number, and county of the offense found in State's Exhibit 44.

We hold that the State met its burden of linking State's Exhibit 43 and 44 with sufficient information to establish both the existence of the prior convictions and Craver's identity as the person convicted. *See id.*; *see also Doby v. State*, 454 S.W.2d 411, 413–14 (Tex. Crim. App. 1970). We overrule Craver's fifth and sixth points.

## IV. CONCLUSION

Having overruled all six of Craver's points on appeal, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

LIVINGSTON, C.J., and GABRIEL, J., concur without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 25, 2015