# NO. 12-08-00431-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEROY J. WILLIAMS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Leroy Williams appeals from his conviction for aggravated robbery. In three issues, Appellant argues that the trial court erred in allowing the State to impeach him with an offense for which he was not convicted and by not giving jury instructions he requested on a lesser included offense and self-defense. We reverse and remand for a new trial.

### BACKGROUND

On February 25, 2008, Appellant stole various items from a car, including a compact disk player, several compact disks, and a cellular telephone. A young man saw Appellant taking items from the car, notified his father, who was nearby, and called the police. The young man's father, Josue Tovar, approached Appellant. According to Tovar and his son, Appellant struggled with them and pulled a knife to facilitate his escape. According to Appellant's version of events, he complied with Tovar's request to return the property and sat on the curb to await the police. Appellant would later testify that after he had been sitting on the curb waiting for the police for some time, Tovar suddenly attacked him with a stick and Tovar and his son began wrestling with him. To defend himself, Appellant said that he pulled out and opened a pocket knife.

Appellant's jaw was broken in the melee, and the police arrived and arrested him. He was

indicted for the felony offense of aggravated robbery. The indictment alleged that Appellant used a deadly weapon, the knife, with the intent to obtain or maintain control over the stolen property. Appellant pleaded not guilty, and a jury trial was held. At the conclusion of the guilt-innocence portion of the trial, Appellant requested that the jury be instructed that it could find him guilty of the lesser included offense of theft or that it could find him not guilty if it found that he acted in self-defense. The State opposed Appellant's request for these instructions, and the trial court declined to give them. The jury found Appellant guilty as charged and assessed punishment at imprisonment for thirty-seven years. This appeal followed.

### IMPEACHMENT WITH PRIOR UNADJUDICATED OFFENSE

In his first issue, Appellant argues that the trial court erred in allowing the State to impeach him with a prior offense for which he had not been found guilty.

### Background

Appellant testified during the guilt–innocence portion of his trial. Early in the cross examination, the assistant district attorney offered a penitentiary packet showing that Appellant had previously been convicted and sentenced to prison for the felony offense of burglary of a habitation. Appellant admitted that the packet accurately reflected one of his prior convictions. Later, during recross examination, the State's lawyer asked Appellant to identify another exhibit, this one a motion to dismiss pursuant to Texas Penal Code section 12.45.[1]

This was a motion from a case that was not the burglary case, but bore a cause number that came sequentially one number after the cause number in the burglary case. In the motion, the State asserts that Appellant was sentenced to four years in prison on the burglary case and requests that the second case be dismissed because it had been taken into consideration in the assessment of punishment in yet another case.[2] The attorney asked Appellant if, as part of his plea in the

---

[1] Texas Penal Code section 12.45 permits a defendant, with the prosecutor's consent, to admit guilt of an unadjudicated extraneous offense and to have that offense taken into account by the trial court when assessing a sentence for another offense. TEX. PENAL CODE ANN. § 12.45(a) (Vernon 2003). When this procedure is employed, it acts as a bar to any future prosecution for the extraneous offense. *Id*. § 12.45(c).

[2] The burglary case had a cause number of 241-1016-04. The case being dismissed had a cause number of 241-1017-04. The case in which the dismissed case had been taken into consideration had a cause number of 241-8989-04. It is possible that the last cause number was a typographical error and that the pleading should have reflected that the offense in cause number 241-1017-04 was taken into consideration in the burglary case.

burglary case, he had also admitted that he committed another felony, specifically unauthorized use of a motor vehicle.[3]   Appellant admitted that he had done so but said that it was his nephew's car he had been driving.   After a series of questions and answers on that subject, Appellant's attorney asked to approach the bench.   At the bench, he objected to "the mention or use of the 12.45."   The trial court overruled his objection.

## Analysis

The court of criminal appeals has recently held that offenses taken into consideration pursuant to section 12.45 may not be used to impeach a defendant's testimony pursuant to Texas Rule of Evidence 609.[4]   *See Lopez v. State*, 253 S.W.3d 680, 683, 686 (Tex. Crim. App. 2008). The State does not argue that the cross examination was proper.   Instead, the State argues that the complaint is not preserved because Appellant's objection was not timely.

A timely complaint is a prerequisite to appellate review.   *See* TEX. R. APP. P. 33.1(a)(1). The objection in this case came after several questions were asked and answered about the unauthorized use of a motor vehicle.   Accordingly, this complaint is not preserved for appellate review.   *Cf. Geuder v. State*, 115 S.W.3d 11, 15-16 (Tex. Crim. App. 2003) (Appellant preserved complaint by objecting at a bench conference prior to questions being asked about an offense that was not admissible.).   We overrule Appellant's first issue.


## JURY INSTRUCTIONS

In his second and third issues, Appellant argues that the trial court erred by not instructing the jury on the lesser included offense of theft and the law regarding self–defense.

## Standard of Review and Applicable Law

Article 36.14 of the code of criminal procedure requires the trial court to deliver to the jury "a written charge distinctly setting forth the law applicable to the case. . . ."   TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007).   Upon the defendant's request, a trial court must include a lesser included offense instruction in the jury charge if the offense is a lesser included offense and

---

[3] The statute requires that a defendant admit guilt during the sentencing hearing of the case for which he will be sentenced.   *See* TEX. PENAL CODE ANN. § 12.45(a).   The document offered by the State does not reflect that this occurred and does not contain any admissions by Appellant.

[4] Texas Rule of Evidence 609(a) allows for attacking the credibility of a witness with evidence that the witness "has been convicted of a crime."

there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *See Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006).

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *see also Hall v. State*, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007).

Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on the lesser offense. *Hall*, 225 S.W.3d at 536. "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *See Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). We review all evidence presented at trial to make this determination. *See Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If the evidence raises the issue of a lesser included offense, a jury charge must be given based on that evidence "whether [the evidence supporting it was] produced by the State or the defendant and whether it be strong, weak, unimpeached, or contradicted." *Id*. at 672.

With exceptions that are not relevant here, a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. *See* TEX. PENAL CODE ANN. § 9.31 (Vernon Supp. 2009).[5] When properly requested, the trial court must instruct the jury on every defensive theory raised by the evidence, and it makes no difference whether such evidence or testimony was produced by the prosecution or the defense or whether such defensive evidence or testimony might be strong, weak, unimpeached, or contradicted. *See Ferrel v. State*,

---

[5] One of the exceptions is that a person resorting to self–defense must not be engaged in criminal activity. *See* TEX. PENAL CODE ANN. § 9.31(a)(C)(3), 9.32(a)(C)(3). The State does not argue that this provision applies, and Appellant's testimony can be considered evidence that he was not engaged in criminal activity at the time he alleges he came under attack.

55 S.W.3d 586, 591 (Tex. Crim. App. 2001); *Smith v. State*, 676 S.W.2d 584, 586-87 (Tex. Crim. App. 1984). However, before a defendant is entitled to a jury instruction on self–defense, the defendant must provide some evidence that, when viewed in the light most favorable to the defendant, will support the self–defense claim. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Ferrel*, 55 S.W.3d at 591; *Hill v. State*, 99 S.W.3d 248, 250 (Tex. App.–Fort Worth 2003, pet. ref'd). In other words, a defendant must provide some evidence that he was authorized to use deadly force under section 9.31 or section 9.32 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 9.31, 9.32 (Vernon Supp. 2009).

**Self–defense Instruction**

In his third issue, Appellant argues that the trial court erred by denying his request for a self–defense instruction. Specifically, he argues that his brandishing of the knife was excused because he was defending himself from an assault by Tovar.

Citing *Young v. State*, 991 S.W.2d 835, 838 (Tex. Crim. App. 1991) and *Ex parte Nailor*, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004), the State argues that Appellant was not entitled to a self–defense instruction because he did not admit that he committed an aggravated robbery. We agree with these statements generally, although it is not necessarily required that a defendant confess to the crime alleged in the indictment. *See Willis v. State*, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990). In some cases a defendant "will be entitled to defensive instructions although he has not admitted a crime." *Id*. A defendant must, however, admit the relevant conduct and that he acted with the requisite intent. *See Nailor*, 149 S.W.3d at 133; *Young*, 991 S.W.2d at 839.

As alleged in the indictment, the State was required to prove that Appellant "while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten[ed] or place[d] Josue Tovar in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife." Appellant admitted all of the relevant facts that were alleged in the indictment. He admitted that he stole the items, and he admitted that he brandished the knife to get away from Tovar. But, as the court of criminal appeals has recently held, he was also required to admit that he acted with the requisite culpable mental state before he could be entitled to an instruction on an affirmative defense such as necessity or self–defense. *See Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007). As the court said in that case, if the defensive evidence in support of a

necessity or a self–defense instruction merely "negates the necessary culpable mental state, it will not suffice to entitle the defendant to a defensive instruction." *Id*.

In this case, Appellant's version of events merely negates the culpable mental state. He did not admit that he brandished the knife to further or complete the theft. Instead, he testified that he threatened Tovar to protect himself from an additional unlawful assault. Therefore, and in accordance with *Shaw*, Appellant was not entitled to an instruction on the law of self–defense because he did not admit the essential conduct along with the requisite mental state.[6] We overrule Appellant's third issue.

## Lesser Included Offense Instruction

In his second issue, Appellant argues that the trial court erred in not giving a requested instruction on the lesser included offense of theft.

A two prong test is applied to determine whether an appellant was entitled to an instruction on a lesser included offense. *See Campbell v. State*, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993). First, to be considered a lesser included offense, the lesser offense must be included within the proof necessary to establish the offense charged. *Campbell*, 149 S.W.3d at 152; *Rousseau*, 855 S.W.2d at 672-73. Second, some evidence must exist in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser included offense. *Campbell*, 149 S.W.3d at 152; *Rousseau*, 855 S.W.2d at 672-73.

The State agrees that theft is included in the definition of robbery. *See* TEX. PENAL CODE ANN. § 29.02 (Vernon 2003). Therefore, the first prong of the test is satisfied. The State argues the trial court properly declined to instruct the jury on the lesser included offense of theft because there was "absolutely no evidence offered at trial which would support a finding that Appellant committed the theft without committing the aggravated robbery." The State argues this is so because, even under Appellant's version of the offense, he committed an aggravated assault–brandishing the knife–while he maintained control of a cellular telephone he had stolen earlier from the parked car. Accordingly, the State reasons that Appellant was involved in a continuous criminal episode beginning with his theft from the vehicle, with a midpoint being his

---

[6] If the jury believed Appellant's testimony, they would have necessarily concluded that he drew the knife to defend himself and without the intent to obtain or maintain control of stolen items.

assault with the knife, and ending when he surrendered to the police. As such, Appellant was still committing a theft when he committed an assault with a deadly weapon, making the offense an aggravated robbery.

This construction of events, however, does not give full weight to Appellant's testimony. It was unexplored at trial, but the evidence did show that Appellant had a cellular telephone in his pocket that he had taken from the car when he was arrested after the melee. But his testimony was that he brandished the knife to escape the unprovoked attack by the Tovars and not, at least by implication, that he did so to facilitate or perpetuate his theft of the cellular telephone. Furthermore, his testimony that he sat on the curb to wait for the police is consistent with having abandoned his theft. The robbery statute, which the aggravated robbery statute incorporates, requires that the actor threaten the other person with the intent to obtain or maintain control over the stolen property. *See* TEX. PENAL CODE ANN. §§ 29.02(a), 29.03 (Vernon 2003). The jury was entitled to disbelieve Appellant's version of events. But Appellant was only required to demonstrate that there was a scintilla of evidence to show that he is guilty only of the lesser offense, and even so, that evidence may be weak, impeached, or contradicted. *See Rousseau*, 855 S.W.2d at 672. As we explained in the earlier section, if Appellant's threatening of Tovar with the knife was done with an intent other than to perpetuate or escape following a theft, he was not guilty of aggravated robbery.

For this reason, three of the cases relied upon by the State can be distinguished from this case. In *Oggletree v. State*, 851 S.W.2d 367, 368-70 (Tex. App.–Houston [1st Dist.] 1993, pet. ref'd), the court held that a thief who returned to attempt to "liberate his confederate" was continuing the same criminal episode and, as such, was not entitled to an instruction on the lesser included offense of theft. In *Rabb v. State*, 681 S.W.2d 152, 153–54 (Tex. App.–Houston [14th Dist.] 1984, pet. ref'd), the court held that a defendant was not entitled to a jury instruction on a lesser included offense when the defendant pulled a gun on a security guard after being asked for identification while in the course of attempting to assist with a fraudulent credit card transaction. And in *Nottingham v. State*, No. 07-08-0131-CR, 2009 Tex. App. LEXIS 649 (Tex. App.–Amarillo Jan. 30, 2009, no pet.) (mem. op., not designated for publication), the court held that the defendant was not entitled to an instruction on the lesser included offense of assault because there was no evidence by which the jury could conclude that he was guilty of only that

offense. The ***Oggletree*** and ***Robb*** decisions both are based on the definition of the "course of committing theft," which, by statute, includes the "immediate flight after the attempt or commission of theft." TEX. PENAL CODE ANN. § 29.01(1) (Vernon 2003). In those cases, the participants were attempting to make their immediate flight when they assaulted another. By contrast, Appellant testified that he had complied with Tovar's request that he sit on the curb and await the police when Tovar began striking him with a stick. His testimony is at least slight evidence that he was not in flight when he brandished the knife. This case may be distinguished from ***Nottingham*** because Appellant's testimony was at least slight evidence that Appellant was guilty only of theft.

Appellant's testimony that his use of force was not done with the intent to facilitate a theft but rather to fend off an unprovoked assault may be weak evidence, and it was certainly contradicted by the testimony of the Tovars. But it is sufficient for a jury who believed it to conclude that Appellant was guilty of theft but not robbery. In ***Jones v. State***, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998), the court of criminal appeals held that a defendant was entitled to an instruction on the lesser offense of theft. The ***Jones*** decision is factually similar to this case in that two loss prevention employees confronted the appellant after they observed him stealing items from a store. *Id*. at 255.[7] He assaulted the two women, punching one in the face and biting the other on the chest. *Id*. The defendant testified that he did not steal anything and that he only assaulted the women in self–defense. *Id*. at 255–56. The court held that the defendant was entitled to jury instructions on both simple assault and theft because, based on his testimony, the jury could believe that he was guilty only of either of those lesser included offenses. *Id*. at

---

[7] The State asserts that ***Jones*** can be distinguished because there was "some evidence that the offender was not in possession of the stolen property at the time of his assaultive conduct." According to the court's decision, the loss prevention employees "recovered deodorant, Ben Gay and Blistex from appellant's pockets" and "he had not paid for these items before removing them from Fiesta." ***Jones***, 984 S.W.2d at 255. The State is correct that the defendant in ***Jones*** testified that he did not commit a theft. But this is relevant to whether that defendant was entitled to an instruction on the lesser included offense of assault. *See id*. at 257 ("Here, appellant's testimony that he did not steal or intend to steal negated the theft element of the robbery charge. If the jury believed appellant's testimony that he did not steal and believed the State's evidence that he struck Michelle Yancey, they could rationally conclude that appellant committed assault and not theft."). With respect to the instruction on the lesser included offense of theft, the court held that the defendant's assertion that he committed the assault in self–defense was sufficient to require that an instruction for theft be given. *Id*. at 258 ("The same theory can be applied to appellant's testimony that he did not assault anyone in Fiesta. Appellant admitted only that he 'did self-defense.' The jury was free to believe this testimony by appellant, and disbelieve the rest of what he said. As with the instruction on the lesser included offense of misdemeanor assault, this evidence would have entitled appellant to his requested instruction on the lesser included offense of misdemeanor theft.").

257-58.

Applying that decision here, the jury, if it believed Appellant's testimony that he committed a theft and then lawfully defended himself from an assault after he had surrendered, could have concluded that he was guilty only of theft as a lesser included offense of aggravated robbery. Accordingly, Appellant was entitled to have the jury instructed on the lesser included offense of theft.

**Harm**

Having found error in the trial court's denial of the requested instruction on the lesser included offense of theft, we must now determine whether that error requires reversal. *See* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Posey v. State*, 966 S.W.2d 57, 62 n.12 (Tex. Crim. App. 1998) (holding that *Almanza* applies to an erroneous omission in the jury charge of a timely requested defensive issue raised by the evidence, as the defensive issue becomes law "applicable to the case."). If the charge contains error, and that error has been properly preserved by an objection or requested instruction, reversal is required if the error is "calculated to injure the rights of defendant," meaning there must be some harm. TEX. CODE CRIM. PROC. ANN. art. 36.19; *Trevino v. State*, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003); *Almanza*, 686 S.W.2d at 171. The degree of harm must be considered in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Ovalle v. State*, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

The question of whether Appellant acted to perpetuate his theft or to protect himself from the Tovars was the central issue in this trial. If Appellant acted in self–defense, as he testified, he was guilty of theft but not of aggravated robbery. Harm exists when the penalty imposed for the charged offense exceeds the potential penalty for the lesser included offense. *See Bignall v. State*, 899 S.W.2d 282, 284 (Tex. App.–Houston [14th Dist.] 1995, no pet.). Harm also generally exists whenever the failure to submit a lesser included offense leaves the jury with the sole option of either convicting defendant of the greater offense or acquitting him. *Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995).

The value of the items in question here was not conclusively shown, but theft of property valued at less than $1,500 is a misdemeanor.   Appellant would have had to steal property valued at $200,000 or more to have been eligible for punishment for a first degree felony, which is what he faced in this case.   *See* TEX. PENAL CODE ANN. §§ 29.03(b), 31.03(e)(3), (7), (Vernon 2003 & Supp. 2009).   Appellant received a sentence of thirty-seven years, which is more than he would have received if he had been convicted of theft.   And there is no intervening lesser included offense that the jury rejected which would allow us to conclude that the jury had not been placed on the horns of the dilemma of whether to convict Appellant of the only offense available to them or to set him free.   *See Masterson v. State*, 155 S.W.3d 167, 171–72 (Tex. Crim. App. 2005), *see also Beck v. Alabama*, 447 U.S. 625, 634, 100 S. Ct. 2382, 2388, 65 L. Ed. 2d 392 (1980).

Accordingly, we conclude that Appellant suffered some harm, and we sustain Appellant's third issue.

## DISPOSITION

Having sustained Appellant's third issue, we ***reverse*** and ***remand*** for a new trial.

**SAM GRIFFITH**
Justice

Opinion delivered January 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)