# NO. 12-13-00158-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LATRICIA SHEREE HICKS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Latricia Sheree Hicks appeals her conviction for theft, for which she was sentenced to confinement for eighteen months. In one issue, Appellant argues that the trial court erred in denying her request to include in its charge the lesser included offense of attempted theft. We affirm.

### BACKGROUND

On September 27, 2012, Appellant entered a Body Central clothing store located in the Broadway Square Mall in Tyler, Texas. Brandi Clawson, the store manager, greeted Appellant and noticed that Appellant put her head down and began to walk toward the back of the store. Clawson suspected that something was amiss and called mall security as she followed Appellant. Clawson observed Appellant pick up a shirt and drape it over her arm. Clawson further noticed that Appellant's hand was concealed on the left side of the shirt where the theft protection device was located. Next, Clawson heard the distinctive sound of a theft protection device's being broken before she saw Appellant put the shirt onto a clothes rack and continue toward the back of the store where jewelry was displayed.

Clawson examined the discarded shirt and saw the ink spot left by the breached theft protection device. At this point, the security officer, Garret Miller, arrived on the premises.

Miller and Clawson confronted Appellant, who was walking toward the exit, and told her the police were en route. In response, Appellant moved away from them and stood behind a rack. Clawson saw Appellant reach into her purse, but did not see what was in her hand when she withdrew it. She did, however, hear the sound of something plastic landing on the marble floor. She approached Appellant and discovered on the floor next to her a bracelet and earrings she recognized as belonging to the store. From his vantage point, Miller saw Appellant remove the bracelet and earrings from her purse and attempt to place them on the clothing rack before the items fell to the floor.

When Tyler police officers arrived at the scene, they checked Appellant's identification and determined she previously had been convicted of two instances of theft. After the officers spoke to Clawson, they arrested Appellant for theft.

Appellant was charged by indictment for felony theft and pleaded "not guilty." The matter proceeded to a jury trial. At trial, Appellant requested that the trial court instruct the jury on the lesser included charge of attempted theft. The trial court denied Appellant's request. Ultimately, the jury found Appellant "guilty" as charged. Following a trial on punishment, the jury assessed Appellant's punishment at confinement for eighteen months. The trial court sentenced Appellant accordingly, and this appeal followed.

## LESSER INCLUDED OFFENSE

In her sole issue, Appellant argues that the trial court erred in denying her request to include in its charge the lesser included offense of attempted theft.

### Standard of Review and Governing Law

Article 36.14 of the code of criminal procedure requires the trial court to deliver to the jury "a written charge distinctly setting forth the law applicable to the case . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Williams v. State*, 314 S.W.3d 45, 49 (Tex. App.–Tyler 2010, pet. ref'd). Upon the defendant's request, a trial court must include a lesser included offense instruction in the jury charge if the offense is a lesser included offense and there is some evidence that, if the defendant is guilty, she is guilty only of the lesser offense. *See Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006).

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from

2

the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006); *see also **Hall v. State***, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007).

Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on the lesser offense. ***Hall***, 225 S.W.3d at 536. "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser included offense for the finder of fact to consider before an instruction on a lesser included offense is warranted." *See **Hampton v. State***, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).

We review all evidence presented at trial to make this determination. *See **Rousseau v. State***, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If the evidence raises the issue of a lesser included offense, a jury charge must be given based on that evidence "whether [the evidence supporting it was] produced by the State or the defendant and whether it be strong, weak, unimpeached, or contradicted." *Id.* at 672.

In the instant case, the State concedes that attempted theft is a lesser included offense of theft. *See* TEX. CODE CRIM. PROC. ANN. art 37.09(4). Thus, in our analysis, we focus on whether there is any evidence of record that would permit a rational jury to find that the defendant is guilty of attempted theft, but not theft.

## Theft versus Attempted Theft

A person commits the offense of theft if she unlawfully appropriates property with intent to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013). "Appropriate" means "[1] to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or [2] to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4) (West Supp. 2013). "Deprive" means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *Id.* § 31.01(2)(A). On the other hand, a person commits attempted theft if, with specific intent to

commit theft, she does an act amounting to more than mere preparation that tends but fails to effect the commission of the theft. *Id*. §§ 15.01, 31.03(a) (West 2011 & Supp. 2013).

**Discussion**

Appellant contends that the trial court should have included in its charge an instruction on the lesser included offense of attempted theft because the evidence indicates she did not take the jewelry from the store and did not exercise, care, custody, and control over the items. But we note that the act of carrying away or removing property is not an element of statutory theft. *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.–Waco 2007, no pet.). Here, there is evidence that Appellant concealed jewelry in her purse and was walking toward the exit. At this point, Appellant exercised care, custody, and control over the jewelry. *See* TEX. PENAL CODE ANN. § 31.01(4)(A) (defining "appropriate").

Appellant persists that the evidence reflects that she abandoned the theft before it could be completed. In other words, even though the record indicates that Appellant intended to deprive the owner of the property in question and took a step to further that intent, Appellant contends that there was no appropriation of the property to the extent that the store was deprived of its ownership interest in it. However, the evidence is undisputed that Appellant broke the theft protection device on a shirt and discarded the shirt, which was ruined by the ink. The evidence is further undisputed that Appellant was confronted by Clawson and Miller as she walked toward the exit, at which point she removed jewelry from her purse. Clawson recognized this jewelry as belonging to the store. Thus, the evidence demonstrates that Appellant completed the theft when she secreted the jewelry in her purse and, with the requisite intent, walked toward the exit. The fact that she attempted to dispose of the stolen jewelry before her purse was potentially subjected to a search by Miller or Tyler police officers did not transform her earlier act of theft into the lesser included crime of "attempted theft." Rather, when Appellant exercised control over the jewelry with the intent to steal it, she committed theft. We conclude that there is no evidence in the record that demonstrates that Appellant is guilty of attempted theft, but not theft. Therefore, we hold that the trial court did not err in denying Appellant's request for a charge instruction on attempted theft. Appellant's sole issue is overruled.

**DISPOSITION**

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered May __, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY , 2014**

**NO. 12-13-00158-CR**

**LATRICIA SHEREE HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0107-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*