# NO. 12-19-00053-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICARDO LATRELLE TAYLOR,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ricardo Latrelle Taylor appeals his conviction for engaging in organized criminal activity. In two issues, Appellant argues that the evidence is insufficient to support the trial court's judgment and the trial court abused its discretion in refusing to submit a self-defense instruction to the jury. We affirm.

## BACKGROUND

Following the exchange of gunfire at Fun Forrest Park in Tyler, Texas, Appellant was charged by indictment with engaging in organized criminal activity and pleaded "not guilty." The matter proceeded to a jury trial. After the presentation of evidence and argument of counsel, the jury found Appellant "guilty" as charged. At the conclusion of the trial on punishment, the jury assessed Appellant's punishment at imprisonment for forty years. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is insufficient to support the trial court's judgment. Specifically, Appellant argues that there is no evidence to support that he committed the underlying offense of aggravated assault.

**Standard of Review**

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Id.* at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Discussion**

To satisfy its burden of proof that Appellant committed the offense of engaging in organized activity as charged in the indictment, the State was required to prove that Appellant committed the offense of aggravated assault in that he (1) intentionally and knowingly (2) threatened Datreon Jackson with imminent bodily injury (3) by shooting at him with a firearm and (4) did then and there use or exhibit a deadly weapon, namely a firearm, during the commission of the assault. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(A), 22.01(a)(2) (West Supp. 2019), 22.02(a)(2) (West 2019).

In the instant case, Datreon Jackson testified that Appellant sent him multiple Facebook messages, in which he challenged him to a fight. The State introduced an exhibit into evidence demonstrating that Appellant also sent a message in which he threatened to kill Jackson five days before the incident. Specifically, in this message to Jackson, Appellant stated, "I'm telling you now, you play wit my mama crib, imma kill you. I'm done talking."

Jackson further testified that he drove to Fun Forest Park in Tyler, Texas in a white van with Davonta Hill for the purpose of engaging in a fight there with JaQarious Barron. According to Jackson, when they arrived at the park, Appellant, Barron, and Lakeria Hamlett already were there, waiting in a black Honda. Jackson testified that Appellant jumped out of the Honda and yelled at him to "catch fade with his homeboy," which Jackson understood to mean Appellant was encouraging him to fight with Barron. Jackson described the events in greater detail as follows:

> Q. And you're still sitting in the car?
>
> A. I'm just getting out the car when he told me that.
>
> Q. Okay. So you're just getting out of the car.
>
> They're hollering at you. What do you remember happening next with the defendant -- with Ricardo?

3

A. I was about to fight Jayy Barron. I seen him reach back in the car and grab a pistol and told Jayy Barron, "Move, groove."

And he shot at me.

Q. So you're saying, as you sit here under oath, that it was Ricardo Taylor shot at you?

A. Yes, sir.

. . . .

Q. Okay. So what you're saying is that the defendant shot at you while you were out there?

A. Yes, sir.

Q. You said he grabbed a handgun?

A. Yeah.

Q. It wasn't a rifle or anything?

A. Huh-uh.

Q. Okay. And he shoots at you. When he shoots at you, does he hit you?

A. No.

Q. Do you have any idea if that bullet hit anything?

A. Just hit the driver door.

Q. The driver door of your car?

A. Yes, sir.

The State also introduced photographic evidence showing a bullet hole in the driver's side, passenger door of Jackson's van, which was consistent with Jackson's testimony. The State further introduced evidence of twenty fired shell casings at the scene, which were ejected by three different firearms. According to Jackson, after Appellant shot at him, Hill exited the van and returned fire. Jackson stated that as Appellant ran away from them, he continued firing his gun at them as they got back into the van and drove away. Jackson admitted that once Hill started shooting, he also fired a handgun in Appellant's direction.

Hill also testified on the State's behalf. His testimony differed from Jackson's in several respects. However, he similarly stated that Appellant was armed and firing a handgun at him and Jackson. He also stated that he was aware that Appellant previously told Jackson that he was going to kill him.

4

As Appellant argues in his brief, other witnesses testified to the effect that they never saw Appellant in possession of a handgun and/or he was unarmed at the park on the day in question. Some of these witnesses also testified that Hill was the only person they saw shooting that day. Further, a recording of Appellant's interview with police was played for the jury. In it, Appellant denied possessing a firearm at the park that day.

We have reviewed the record in its entirety. Having done so, we remain mindful that a jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee*, 176 S.W.3d at 458; *see also Thompson v. State*, 54 S.W.3d 88, 97 (Tex. App.–Tyler 2001, pet. ref'd) (jury entitled to find one witness more credible than another or that one witness's version of story more accurate account than version of story offered by another witness). Based on our review of the record, we conclude that there was ample evidence to permit the jury to find beyond a reasonable doubt that Appellant committed the underlying offense of aggravated assault by intentionally threatening Jackson with imminent bodily injury by shooting at him with a firearm, a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(A), 22.01(a)(2), 22.02(a)(2); *see also Jones v. State*, 500 S.W.3d 106, 113 (Tex. App.–Houston [1st Dist.] 2016, no pet.) (citing *Fagan v. State*, 362 S.W.3d 796, 799 (Tex. App.–Texarkana 2012, pet. ref'd)) (act of pointing loaded gun at someone, by itself, is threatening conduct that supports conviction for aggravated assault). Thus, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's first issue is overruled.

## REFUSAL OF SELF-DEFENSE INSTRUCTION

In his second issue, Appellant argues that the trial court abused its discretion in refusing to submit a self-defense instruction in its charge to the jury.

A defendant is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of the trial court's opinion about the credibility of the defense. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); *VanBrackle v. State*, 179 S.W.3d 708, 712 (Tex. App.–Austin 2005, no pet.); *see also* TEX. PENAL CODE ANN. § 2.03(c) (West 2011). This rule is designed to insure that the jury, not the trial court, will decide the relative credibility of the evidence. *Granger*, 3 S.W.3d at 38; *VanBrackle*, 179 S.W.3d at 712. A defendant need not testify in order to raise a defense. *Boget v. State*, 40 S.W.3d 624, 626 (Tex.

5

App.–San Antonio 2001), *aff'd*, 74 S.W.3d 23, 31 (Tex. Crim. App. 2002). Defensive issues may be raised by the testimony of any witnesses, even those called by the state. ***Jackson v. State***, 110 S.W.3d 626, 631 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). In deciding whether a defensive theory is raised, the evidence is viewed in the light most favorable to the defense. ***Granger***, 3 S.W.3d at 38.

Self-defense is a confession-and-avoidance or justification type of defense. *See **Juarez v. State***, 308 S.W.3d 398, 401–02 (Tex. Crim. App. 2010); *see also* TEX. PENAL CODE ANN. § 9.31 (West 2019). To be entitled to a self-defense instruction in the court's charge, the defendant's defensive evidence must admit to the underlying conduct and requisite culpable mental state underlying the charged offense. *Cf. **Juarez***, 308 S.W.3d at 405–06; *see **Williams v. State***, 314 S.W.3d 45, 50 (Tex. App.–Tyler 2010, pet. ref'd); *see also **Shaw v. State***, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007); ***Villa v. State***, 370 S.W.3d 787, 793 (Tex. App.–Eastland 2012), *aff'd*, 417 S.W.3d 455 ("Unlike Section 2.03 defenses that can find support in evidence from any source, matters in confession and avoidance must find support in a defendant's defensive evidence").[2]

In the instant case, Appellant's defensive evidence does not support an admission of the conduct or requisite mental state underlying aggravated assault with a deadly weapon. Moreover, as set forth previously, the State introduced evidence of Appellant's interview with police, in which Appellant denied that he possessed a firearm at the park on the day in question. By denying that he possessed a firearm at the park that day Appellant sought to negate the elements of the offense. But such evidence, does not entitle Appellant to a self-defense instruction. Indeed, if Appellant had no firearm at the park that day, he could not intentionally or knowingly threaten Jackson with imminent bodily injury by shooting at him. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2) , 22.02(a). Accordingly, we hold that Appellant was not entitled to a self-defense instruction in the court's charge because he did not admit to having committed the essential underlying conduct and to having possessed the requisite mental state. *Cf. **Shaw***, 243 S.W.3d at 660; *see **Williams***, 314 S.W.3d at 51. Appellant's second issue is overruled.

---

[2] The confession and avoidance doctrine's requirement that a defendant admit to the conduct conflicts with Section 2.03(c)'s general rule that a defense is supported by the evidence if there is evidence from any source on each element of the defense. *See **Juarez***, 308 S.W.3d at 404. In ***Juarez***, the court concluded that the admission requirement for Texas Penal Code, Section 9.22 governs the specific defensive issue of necessity and, therefore, trumps the general rule set forth in Section 2.03(c). *See **Juarez***, 308 S.W.3d at 405. Applying similar logic, we conclude that the admission requirement for Section 9.31 governs the specific defensive issue of self-defense and, likewise, trumps the general rule set forth in Section 2.03(c). *Cf. **id.***

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 28, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBRUARY 28, 2020

NO. 12-19-00053-CR

**RICARDO LATRELLE TAYLOR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1078-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*