# NO. 12-19-00210-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARNA MAELEAN SUTTON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *UPSHUR COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Charna Maelean Sutton appeals her conviction for driving while her license was invalid. Appellant raises four issues on appeal. We affirm.

## BACKGROUND

On November 27, 2017, Gilmer Police Department Patrol Sergeant Andrew Chandler was in his patrol vehicle turning northbound onto U.S. Highway 271. As he did so, he observed a vehicle, which had a registration sticker he described as "absolutely fake," enter the highway from a side street, drive in the incorrect lane against the flow of traffic, and exit the roadway into a convenience store parking lot where it stopped. Chandler initiated a traffic stop in the parking lot.

As he approached the vehicle, he observed the registration sticker, the numbers on which he described as having been altered with a ball point pen. Chandler asked Appellant, the driver, for her driver's license. Appellant responded that she did not have a driver's license with her. Chandler contacted his dispatcher and provided Appellant's name and date of birth. Subsequently, Chandler received a return communication from the dispatcher informing him that Appellant's license was suspended and she did not have liability insurance. As a result, Chandler arrested Appellant.

Appellant was charged by information with driving while her license was invalid. The information further alleged that Appellant, at that time, was operating a motor vehicle without financial responsibility having been established for that vehicle.[1] Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At the conclusion of trial, the jury found Appellant "guilty" as charged. Thereafter, the trial court sentenced Appellant to confinement for one hundred fifty days. Subsequently, Appellant filed a motion for new trial. Following a hearing on Appellant's motion, the trial court reduced Appellant's sentence to confinement for sixty days. This appeal followed.

## REFUSAL TO PERMIT APPELLANT TO TESTIFY AT TRIAL

In her first issue, Appellant argues that the trial court committed reversible error by denying her request that she be permitted to testify at trial.[2] The record reflects that after Appellant's final witness was excused, the trial was recessed for approximately thirty-seven minutes. When the proceedings resumed, Appellant was not present and did not return until after the defense rested, the jury returned its verdict, and the trial court pronounced Appellant's sentence. Upon her return, Appellant explained that she was absent because she took a witness, Velma Choice, back to her home. She then stated, "Can I throw myself on the mercy of the Court[?] [A]t the end as I was stating that I was trying to do what I felt was right to do was to take Sister Velma home." The trial court, in response, advised Appellant of her right to appeal.

In a jury trial on a misdemeanor, the punishment for which includes the possibility of imprisonment, when the defendant voluntarily absents herself after the jury has been selected, the trial may proceed to its conclusion. *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006). Moreover, under the invited error doctrine, a party is estopped from raising an appellate issue

---

[1] Driving while license invalid is a Class B misdemeanor if, upon trial of the offense, it is shown that the person, at the time of the offense, was operating the motor vehicle in violation of Texas Transportation Code, Section 601.191, which pertains to the offense of operation of a motor vehicle in violation of the motor vehicle liability insurance requirement. *See* TEX. TRANSP. CODE ANN. §§ 521.457(f)(2) (West 2018), 601.191 (West Supp. 2019).

[2] Appellant's counsel concedes that the Appellant's issues one, two, and three do not amount to reversible error and have been raised due to Appellant's insistence. We appreciate Appellant's counsel's candor. Nonetheless, because the issues have been raised, we must address them. *See* TEX. R. APP. P. 47.1; *see also **Ex parte Flores**, 387 S.W.3d 626, 639 (Tex. Crim. App. 2012) (orig. proceeding).

based on an action she induced.  *See Vennus v. State*, 282 S.W.3d 70, 74 (Tex. Crim. App. 2009); *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999).

We first note that we cannot determine from the record that Appellant, in fact, asked the trial court to permit her to testify.  *See* TEX. R. APP. P. 33.1; *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (complaint not preserved for appeal unless made to trial court by timely request, objection or motion that stated grounds for ruling that complaining party sought from trial court with sufficient specificity to make trial court aware of complaint, unless specific grounds were apparent from context).  But assuming arguendo that Appellant's aforementioned statement properly could be construed as a request to testify, the outcome would not differ.

The record reflects that Appellant voluntarily left the courtroom before the trial concluded. There is no indication from the record that she informed the trial court or her trial counsel that she planned to be absent when trial resumed following the recess.  Thus, we hold that the trial court's resumption of proceedings in Appellant's absence was lawful and that Appellant is estopped under the invited error doctrine from complaining on appeal that she was not permitted to testify.  *See* TEX. CODE CRIM. PROC. ANN. art. 33.03; *see also Vennus*, 282 S.W.3d at 74.  Appellant's first issue is overruled.

### NECESSITY INSTRUCTION

In her second issue, Appellant argues that the trial court abused its discretion in excluding from its charge an instruction on the defense of necessity.

The trial judge has an absolute, sua sponte duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged.  *Oursbourn v. State*, 259 S.W.3d 159, 179 (Tex. Crim. App. 2008).  But it does not  have a similar, sua sponte duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues.  *See id.*  These types of issues frequently depend upon trial strategy and tactics and are issues on which instructions are not mandated by any statute.  *See id.*  Here, Appellant did not request that the trial court include an instruction in its charge on the defense of necessity, nor did she object to its omission. Therefore, we hold that the trial court did not abuse its discretion in omitting such an instruction from its charge.  *See id.*

But even if Appellant had requested such an instruction and had the trial court denied it, the outcome would not vary.  A defendant is entitled to an instruction on any defensive issue raised

3

by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of the trial court's opinion about the credibility of the defense. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); *VanBrackle v. State*, 179 S.W.3d 708, 712 (Tex. App.–Austin 2005, no pet.); *see also* TEX. PENAL CODE ANN. § 2.03(c) (West 2011). This rule is designed to insure that the jury, not the trial court, will decide the relative credibility of the evidence. *Granger*, 3 S.W.3d at 38; *VanBrackle*, 179 S.W.3d at 712. A defendant need not testify in order to raise a defense. *Boget v. State*, 40 S.W.3d 624, 626 (Tex. App.–San Antonio 2001), *aff'd*, 74 S.W.3d 23, 31 (Tex. Crim. App. 2002). Defensive issues may be raised by the testimony of any witnesses, even those called by the state. *Jackson v. State*, 110 S.W.3d 626, 631 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). In deciding whether a defensive theory is raised, the evidence is viewed in the light most favorable to the defense. *Granger*, 3 S.W.3d at 38.

Necessity is a confession-and-avoidance or justification type of defense. *See Juarez v. State*, 308 S.W.3d 398, 399 (Tex. Crim. App. 2010); *see also* TEX. PENAL CODE ANN. § 9.22 (West 2019). To be entitled to a necessity instruction in the court's charge, the defendant's defensive evidence must admit to the underlying conduct and requisite culpable mental state underlying the charged offense. *See. Juarez*, 308 S.W.3d at 405–06; *Williams v. State*, 314 S.W.3d 45, 50 (Tex. App.–Tyler 2010, pet. ref'd); *see also Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007); *Villa v. State*, 370 S.W.3d 787, 793 (Tex. App.–Eastland 2012), *aff'd*, 417 S.W.3d 455 ("Unlike Section 2.03 defenses that can find support in evidence from any source, matters in confession and avoidance must find support in a defendant's defensive evidence").[3]

In the instant case, Appellant's defensive evidence does not support an admission of the conduct underlying the offense of driving with an invalid license.[4] Accordingly, we hold that Appellant was not entitled to a necessity instruction in the court's charge because she did not admit

---

[3] The confession and avoidance doctrine's requirement that a defendant admit to the conduct conflicts with Section 2.03(c)'s general rule that a defense is supported by the evidence if there is evidence from any source on each element of the defense. *See Juarez*, 308 S.W.3d at 404. However, the admission requirement for Texas Penal Code, Section 9.22 governs the specific defensive issue of necessity and, therefore, trumps the general rule set forth in Section 2.03(c). *See id.* at 405.

[4] The offense of driving while license invalid has no culpable mental state. *See Harrison v. State*, 421 S.W.3d 39, 42 (Tex. App.–Waco 2013, pet. ref'd).

to having committed the essential underlying conduct.  *See Shaw*, 243 S.W.3d at 660; *see also Williams*, 314 S.W.3d at 51.  Appellant's second issue is overruled.

### FAILURE TO GIVE *MIRANDA* WARNINGS

In her third issue, Appellant argues that she was not informed of her *Miranda*[5] rights during her encounter with Chandler.

In *Miranda*, the United States Supreme Court determined that an accused, held in custody, must be given the required warnings "prior to questioning."  *Jones v. State*, 119 S.W.3d 766, 772 (Tex. Crim. App. 2003).  The failure to comply with the *Miranda* requirements results in forfeiture of the use of any statement obtained during that interrogation by the prosecution during its case-in-chief.  *Id.*; *Ervin v. State*, 333 S.W.3d 187, 204 (Tex. App.–Houston [1st Dist.] 2010, pet. ref'd).  Similarly, the Code of Criminal Procedure provides that a statement is admissible against a defendant in a criminal proceeding if, among other things, the defendant was given the warnings set out in Article 38.22, Section 2(a) before the statement was made and the defendant "knowingly, intelligently, and voluntarily" waived the rights set out in the warnings.  *Ervin*, 333 S.W.3d at 204; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a), 3(a) (West 2018).

Generally, a routine traffic stop does not place a person in custody for *Miranda* purposes.  *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012).  But a traffic stop may escalate from a noncustodial detention into a custodial detention when formal arrest ensues.  *Id.*

Here, Chandler testified that he observed a vehicle with an "absolutely fake" registration sticker driving on the wrong side of the highway.  *See State v. Alderete*, 314 S.W.3d 469, 472 (Tex. App.–El Paso 2010, pet. ref'd) (law enforcement officer justified in detaining person for investigative purposes if officer has reasonable suspicion to believe individual is violating law); *see also* TEX. TRANSP. CODE ANN. §§ 502.473 (West Supp. 2019) (operation of vehicle without registration insignia), 545.051 (West 2011) (driving on right side of roadway).  He initiated a traffic stop and asked Appellant for her driver's license.  *See Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004) (during routine traffic stop, police officers may request certain information from driver, such as driver's license and car registration, and may conduct a computer check on that information); *Davis v. State*, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997) (during traffic stop, officer may demand identification, valid driver's license, and proof of insurance from driver).

---

[5] *See Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 1630, 16 L. Ed. 2d 694 (1966).

Appellant responded that she did not have a driver's license with her. Chandler contacted his dispatcher and provided Appellant's name and date of birth. Subsequently, Chandler received a return communication from the dispatcher informing him that Appellant's license was suspended and she did not have liability insurance, at which point he arrested Appellant. We hold that Chandler's interaction with Appellant amounted to a routine traffic stop that did not escalate to a custodial detention until he placed her under arrest.[6] *See Ortiz*, 382 S.W.3d at 372. Appellant's third issue is overruled.

## EVIDENTIARY SUFFICIENCY

In her fourth issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment.

### Standard of Review

The *Jackson v. Virginia*[7] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve

---

[6] The record reflects that Appellant was not read her *Miranda* rights after she was arrested. At trial, both Appellant and her trial counsel were permitted to conduct direct and cross examination of witnesses. At one point during the trial, Appellant was cross examining Chandler about an exhibit consisting of the video of their encounter. As she did so, the trial judge informed her that he did not want audio played on the video after she was placed under arrest because her trial counsel had objected to any such evidence. Appellant consulted with her trial counsel, who informed the court that in spite of her previous objection, Appellant wanted to play the audio along with the video of the events which occurred after the time of her arrest. *See Vennus*, 282 S.W.3d at 74 (invited error); *see also Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.–Fort Worth 2012, no pet.) (trial court's admission of evidence will not require reversal when other such evidence received without objection, either before or after complained-of ruling).

[7] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**<u>Discussion</u>**

To meet its burden of proof that Appellant committed the Class B misdemeanor of driving while her license was invalid, the State was required to prove that she operated a motor vehicle on a highway during a period that her driver's license or privilege was suspended or revoked under any law of this state. *See* TEX. TRANSP. CODE ANN. § 521.457(a)(2). The State also was required to prove that, at the time of the offense, Appellant was operating the motor vehicle in violation of the motor vehicle liability insurance requirement. *See **id.*** §§ 521.457(f)(2), 601.191.

Here, Chandler testified that he observed a vehicle being driven in the incorrect lane against the flow of traffic on U.S. Highway 271. Chandler further testified about his interaction with Appellant, the driver of the vehicle, after he initiated the traffic stop in a convenience store parking lot. Chandler stated that he asked Appellant for her driver's license and she responded that she did not have a driver's license with her. Chandler further stated that he contacted his dispatcher and provided Appellant's name and date of birth and that he later received a return communication from the dispatcher informing him that Appellant's license was suspended and she did not have liability insurance. Moreover, the State admitted into evidence a certified copy of Appellant's driving record from the Texas Department of Public Safety, which verified that her Texas driver's license had been suspended indefinitely since April 10, 2017, due to surcharges for no insurance coverage. The record reflects that the incident occurred on November 27, 2017, and Appellant's driving records were obtained on April 10, 2018.

Based on our review of the record, we conclude that there was ample evidence to permit the jury to find beyond a reasonable doubt that Appellant committed the offense of driving while

her license was invalid and that she did so in violation of the motor vehicle liability insurance requirement. *See* TEX. TRANSP. CODE ANN. §§ 521.457(a)(2), (f)(2), 601.191. Thus, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's fourth issue is overruled.

## DISPOSITION

Having overruled Appellant's first, second, third, and fourth issues, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2020**

**NO. 12-19-00210-CR**

**CHARNA MAELEAN SUTTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court
of Upshur County, Texas (Tr.Ct.No. 39674)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*